## LEWIS v. MASTERS.

It is not often that a demand is necessary to sustain an action of replevin for an unlawful detainer of goods.

Where the defendant has the goods by the leave and license of the plaintiff, a demand may be necessary in order to render the possession wrongful.

But wherever, without such demand, there is a wrongful possession of goods, as where they were obtained by force, fraud, or otherwise without the owner's consent, no demand need be made.

A defendant appealed from the judgment of a justice of the peace against him *Nov. Term,* for ten dollars, and the plaintiff obtained a judgment in the Circuit Court for **1846.** only one cent. *Held,* that the defendant was entitled to costs.

LEWIS
v.
MASTERS.

ERROR to the *Huntington* Circuit Court.

*Tuesday,*
*December 1.*

BLACKFORD, J.—This was an action of replevin, under the statute, brought by *Masters* for the unlawful detainer of his goods of the value of 30 dollars. Damage, 20 dollars. The suit was commenced before a justice of the peace. Plea, *non detinet.* Verdict for the plaintiff for ten dollars in damages. Judgment accordingly. The defendant appealed to the Circuit Court. Verdict in the Circuit Court for the plaintiff for one cent damages, and judgment for the plaintiff for said damages, and for costs.

On the trial, the Circuit Court instructed the jury as follows: "In some cases in replevin a demand is necessary before suit brought, in others not. If in this case, you find that the defendant unlawfully and tortiously took the property into his possession, then a demand was not necessary. But if the possession was lawful, and the detention only was unlawful, then a demand was necessary before the commencement of the suit."

There is an old case, in which it is held that detinue will not lie if the goods have been tortiously taken. 6 H. 7. 9, cited in 1 Selw. N. P. 665. The reason given for that decision is, that the goods must be the plaintiff's when the suit is brought, which would not be the case if the defendant had taken them tortiously, because, by the trespass, the property of the plaintiff was divested. One of the judges dissented in that case; and the reason of the decision is not satisfactory. We should think, that the person whose goods have been thus taken, might elect to consider the property still his, and sue for them in detinue.

But the defendant's objection here is not, that a tortious taking shows that the goods were not the plaintiff's when the suit was commenced, but that such taking does not excuse the plaintiff from proving a demand and refusal of the goods. This objection is not tenable. The question under the general issue was, were the plaintiff's goods unlawfully detained or not? R. S. 1843, p. 701. It appears to us that if they had been tortiously taken, they must be considered,

*prima facie,* as being unlawfully detained; and that, therefore, no demand before suit was necessary. It is not often that a demand is required to sustain an action for an unlawful detainer of goods. Where the defendant has the goods by the leave and license of the plaintiff, a demand may be necessary in order to render the possession wrongful. But wherever, without such demand, there is a wrongful possession of goods, as where they were obtained by force, fraud, or otherwise without the owner's consent, no demand need be made. We think the instruction was much more favourable to the defendant than he had a right to ask. The Court says, that if the possession was lawfully taken, and the detention only was unlawful, a demand was necessary. But that is not the law. In the case supposed, no demand would be necessary, the detainer being unlawful without it.

There is an error, however, in the judgment as to the costs. A bill of exceptions shows, that, before the judgment was rendered, the defendant applied for a judgment for costs, but the application was refused. This refusal was erroneous. The judgment before the justice was for the plaintiff for ten dollars damages; but in the Circuit Court it was for only one cent. This reduction of the amount of the judgment entitled the defendant to the costs. R. S. 1843, p. 892.

*Per Curiam.*—The judgment as to the costs is reversed, and affirmed as to the residue. Cause remanded, &c.

*H. Cooper,* for the plaintiff.

*D. H. Colerick* and *J. G. Walpole,* for the defendant.