KIMBALL v. FARNUM.

When personal chattels are sold to remain the vendor's until paid for, and time is given for payment, which is extended on the understanding that the vendee may acquire a full title by subsequently completing payment, the vendee's possession of the property is lawful, and the vendor cannot reclaim it, nor maintain replevin without first having made demand for it.

REPLEVIN, of a portable steam-engine, boiler, and fixtures.   Defence, denial of the plaintiff's title, and title in the defendant. The plaintiff's father owning the property, then in the possession of the defendant, sold it to him with the condition that the property was to remain the vendor's until paid for, and if not paid for in one year, the vendor should have the right to repossess himself of it.   Payment not being made in a year, the time was extended with an understanding that the defendant might pay when he could.   Part payment was made, and in a few months the vendor demanded the balance, but did not demand the property, nor give notice of an intention to enforce forfeiture.   About the same time the vendor sold the property, or his interest in it, to the plaintiff. No delivery of the property was made, and the plaintiff received no possession of it until it was delivered to him by the officer, who took it on the replevin writ.   The plaintiff notified the defendant that he could have the property by paying the balance due upon it, also a claim of the vendor's and another claim of his own against the defendant, who said nothing in reply.   The defendant paid to the plaintiff a part of the sum due upon the property, and at a later day was ready and offered to pay the remainder, which the plaintiff would not receive unless the amount of the other two claims was paid.   The plaintiff made no demand upon the defendant for the property.   The referee found no conversion of the property, no forfeiture of the defendant's claim, and no unlawful detention, and assessed damages.

*N. Butler*, for the plaintiff.   Both the vendor and his assignee the plaintiff had the property and the right of possession, and the

plaintiff was entitled to possession. G. L., *c.* 245, *s.* 2; *Dame* v. *Dame*, 43 N. H. 37. Though the property came rightfully into the defendant's possession, it was wrongfully detained, and in such case replevin can be maintained. Laws of 1873, *c.* 21.

The title to the engine and boiler had not passed to the defendant before the commencement of the action, and the defendant only held possession subject to the right of the plaintiff to take them at any time. The extension of the time of payment was not a waiver of the forfeiture beyond the time the vendor saw fit to postpone demand of payment. Demand of payment being made in a reasonable time, and neglect of payment following, the vendor had the right to treat the property as his, and sell it to the plaintiff.

If the vendor had not the title to the property at the time of the sale, the plaintiff took whatever rights the vendor had, and one right was to repossess himself of the property on default in payment. The plaintiff was not bound to make a demand, or to prove a conversion. The proceeding is *in rem*, and proof of conversion would have defeated the suit. *Davis* v. *Emery*, 11 N. H. 230, and *Bailey* v. *Colby*, 34 N. H. 29, are cases where no time of payment was fixed; and in the latter case the court say,—" Colby had no right to resume the property . . . until the reasonable time of payment had passed, and until he had requested payment without success."

*Chase & Streeter*, for the defendant. If the title to the property had not passed from the plaintiff or his father to the defendant before the commencement of the action, still the defendant was then rightfully in possession, and had not unlawfully taken or detained it. To maintain this action, the plaintiff must show an unlawful taking or an unlawful detention. *Dame* v. *Dame*, 43 N. H. 37; G. L., *c.* 245, *s.* 2. Not having shown either, the action cannot be maintained.

The title to the engine and boiler had passed to the defendant before the commencement of this action, and they were his property at the time. In *Davis* v. *Emery*, 11 N. H. 230, the court say,—"'To make a contract of this kind at all available for the benefit of the proposed purchaser, he must have important rights under it as well as the owner of the property, and should have a liberal opportunity to complete any purchase contemplated by the parties;" and further, that " he is not a naked bailee of the property, but acquires such a right of possession that it can be divested from him only after demand, and a reasonable time is allowed to complete the contract by a full payment of the original sum proposed, or of any balance which may be due. So is *Bailey* v. *Colby*, 34 N. H. 29, 37. In *Green* v. *Graham*, 46 N. H. 169, a contract of this kind is likened to a mortgage;—see, also, *Root* v. *Lord*, 23 Vt. 568; *Taylor* v. *Finley*, 48 Vt. 78; *Partridge* v. *Philbrick*, 60

N. H. 556. Applying the principles of the decisions to the facts of the case, the title to the property without doubt passed to the defendant at the time he tendered the balance due. The plaintiff made no demand for the property, and endeavored to enlarge the security by adding other claims. The defendant had a right to complete his title by paying the balance due on the property, which he offered in a reasonable time. The defendant is entitled to judgment on the referee's report.

ALLEN, J. The referee found that the defendant did not take nor wrongfully detain the property replevied by the plaintiff, and assessed the defendant's damages. If the facts reported warrant this finding, or if on the pleadings the facts are not sufficient to give a title and right of possession of the property to the plaintiff, the defendant is entitled to judgment on the report. There was no unlawful taking of the property by the defendant, for he took possession of it by the consent of the vendor, under an agreed right to take and use the property and acquire title by payment within a year. There was no unlawful detention, if the defendant had the right of possession until the property was paid for. The vendor extended the time of payment, and made no demand for the property. He did not assert his right to take it, nor claim a forfeiture of the defendant's right to retain the property and complete the payment. He afterwards received money, and applied it upon the unpaid balance; and the finding was warranted, that the defendant was induced to make payment after the year expired, with an understanding that he still had the right of possession and to acquire full title by completing payment, and that the vendor was estopped from denying that right. The defendant having the right of possession, the vendor had no right to reclaim the property until demand was made, and a reasonable time given the defendant after demand to complete his title. *Davis* v. *Emery*, 11 N. H. 230; *Bailey* v. *Colby*, 34 N. H. 29, 37; *Windsor* v. *Boyce*, 1 Houst. 605; *Ingalls* v. *Bulkley*, 13 Ill. 315; *Lewis* v. *Masters*, 8 Blackf. 244.

The sale to the plaintiff gave him no greater rights than the vendor then had. The plaintiff never demanded the property of the defendant, and never made a distinct demand for payment of the amount then due upon the engine and boiler. His offer to sell and relinquish his right in the chattels, if the defendant would not only complete the payment but also pay two other claims, was not a demand of the amount due on the chattels. If it was such a demand, it was one the plaintiff had no right to enforce (*Bailey* v. *Colby*, 34 N. H. 37), for the defendant had the right to pay the amount due on the chattels, and make his title perfect. The defendant's silence when the plaintiff's proposition was made was not, as matter of law, a consent nor agreement to the proposition. It was a proposition which the defendant was not bound to accept

or consider. It not being his duty to speak, his silence did not estop him from denying the acceptance of the plaintiff's proposition. Having the right to complete his title to the engine and boiler by paying the remaining sum due according to the terms of the contract with the vendor, the defendant's tender of that sum was payment, and vested the entire title to the property in him. The finding that there was no unlawful taking nor detention of the property by the defendant is supported by the facts in the case.

*Judgment for the defendant.*

STANLEY, J., did not sit: the others concurred.