## LITTLEFIELD *v.* DAVIS.

When an action is dismissed for want of prosecution and the defendant has judgment for costs, he is entitled to recover of the sheriff, who attached and sold his property on the writ without his consent, the full amount of the proceeds of such sale, without any deduction of the expenses of attachment and sale.

ASSUMPSIT, for money had and received. Trial by the court. The defendant, a deputy sheriff, upon a writ against the plaintiff, and the defendant in that suit (this plaintiff), not consenting to a sale of the attached property, the sheriff, upon a certificate of examiners duly appointed for the purpose, sold the property and has the proceeds. That action was entered in court and referred, but was never tried. It was subsequently dismissed for want of prosecution, and the defendant in that action had judgment for costs. As plaintiff in this action, he claims to recover the gross proceeds of the sale. The defendant claims a deduction of the expenses of attachment and sale, which was disallowed with a verdict for the plaintiff. The defendant excepted.

*J. Kivel*, for the defendant.

*J. W. Towle*, for the plaintiff.

ALLEN, J. The statute provides that when judgment is rendered for the defendant in any action in which execution may issue, or when the action is compromised or dismissed, any attachment made in the action is dissolved. And when an attachment is dissolved and the property has been sold, the proceeds of the sale, after deducting the charges and expenses of the sale, shall be restored to the debtor or his personal representative. G. L., c. 224, ss. 33, 35.

By the dismissal of the action in question, the attachment was dissolved, and on the dissolution of the attachment this plaintiff, the defendant in that action, became entitled to have restored to him the attached property, or, if that had been sold, the proceeds of the sale. In *York* v. *Sanborn*, 47 N. H. 403, it was decided that in case the defendant, in an action where the property attached had been sold on mesne process, had judgment after a trial, the officer was bound to restore the entire proceeds of the sale, and was not entitled to retain the expenses of sale. That decision went upon the ground that it would be unreasonable and unjust to compel a defendant to submit to the expense of the sale of his property in an action in which it had been shown that there was no claim against him. He was not a " debtor " within the meaning of that word as used in Rev. Sts., c. 184, s. 32, which

in substance is the same as the present statute on that subject (G. L., *c.* 224, *s.* 35), and the legislature could not have intended the application of the statute to such a case. The statute applies. rather to cases where it is made to appear that the claim in suit is a just one, either by its settlement and payment, or by a compromise without trial and judgment, or where the suit is dismissed by reason of the death of the defendant with an insolvent estate.

There was in this case no trial of the question of indebtedness, and the judgment for costs after nonsuit was not one which would bar another action on the same claim. But the plaintiff in that action, after causing the sheriff to attach and sell the property, neglected to prosecute his suit. Having opportunity to try his claim and have it adjudicated, he abandoned it, and, so far as respects that case, the nonsuit was the same as a judgment after a trial and verdict for the defendant. He has not made it appear that he had a valid claim upon which he brought suit; and it would be gross injustice to compel the defendant in that suit, the plaintiff here, after submitting to have his property seized and sold without his consent, to be compelled to submit to the further hardship of paying, himself, all the expense of seizing, keeping, and selling the property. The plaintiff in the action in which the goods were attached and sold having failed in his suit, and not making it appear that he founded his action on a just claim, the defendant then cannot, within the meaning of the statute and as to that proceeding, be considered a debtor; and the statute authorizing an officer, on the dissolution of an attachment, to deduct the expenses of an attachment and sale before restoring the proceeds to the owner, does not apply. On the authority of *York* v. *Sanborn, supra,* the plaintiff is entitled to have paid him the entire proceeds of the sale. The defendant's exception is overruled, and there must be

*Judgment on the verdict.*

CLARK, J., did not sit: the others concurred.