## PROCTOR *v.* TILTON.

No demand is necessary to maintain replevin when the defendant has no right to the possession against the plaintiff.

Where the plaintiff in replevin is entitled to possession of the property, a deputy sheriff of the county of R. may lawfully take it, as the agent of the plaintiff, in the county of S.

TROVER, for a horse. Facts found by a referee. The defendant justified the taking, as a deputy sheriff, on a writ of replevin in favor of C. E. Winkley against this plaintiff.

September 25, 1884, Winkley sold the horse by auction to the plaintiff for $125. The plaintiff paid the price down except $36.75, and it was agreed that the animal should go into his possession, but should remain the property of Winkley until the remainder of the price was paid, payment to be made within a reasonable time. After the lapse of a reasonable time Winkley demanded payment, but nothing more has ever been paid. Winkley never made demand on Proctor for the return of the horse. Under a misapprehension as to the location of the line between the two counties, the defendant, who is a deputy-sheriff of Rockingham county, took the horse within the limits of Strafford county, and delivered him to Winkley, who has ever since retained possession of him. Both parties moved for judgment.

*Dodge & Caverly*, for the plaintiff.

*A. L. Mellows*, for the defendant.

CLARK, J. The horse was delivered to Proctor upon the agreement that it was to remain the property of Winkley until the sum of $36.75 should be paid by Proctor to Winkley, and payment was to be made within a reasonable time. After the lapse of a reasonable time Winkley repeatedly requested payment of Proc-

tor, but nothing was paid. By the terms of the contract Proctor had no title to the horse. He had the possession, with the privilege of acquiring a title by payment within a reasonable time. Upon his failure to make such payment in a reasonable time his right to the possession of the horse terminated, and both the right of property and the right of possession were in Winkley, and he had the right to take the horse wherever he could find it. As Proctor had no right to the possession against Winkley, no demand was necessary. *Bailey* v. *Colby*, 34 N. H. 29; *McFarland* v. *Farmer*, 42 N. H. 386, 390. The case differs from *Davis* v. *Emery*, 11 N. H. 230, where it was held that a demand and a reasonable notice to surrender the property or perfect the title were necessary, because by the terms of the contract the bailee had an election whether he would buy the property or not. So, also, in *Kimball* v. *Farnum*, 61 N. H. 348, a demand was held necessary because the time of payment had been extended with an understanding that the vendee might pay when he could, and therefore the vendee's possession was lawful. As Winkley was entitled to the possession of the horse, and the defendant took it by his direction and authority, it is immaterial whether the taking was in the county of Strafford or the county of Rockingham, or whether the defendant assumed to take it by virtue of a writ of replevin. Upon the facts in the case no legal process was necessary.

*Judgment for the defendant.*

ALLEN, J., did not sit: DOE, C. J., absent: the others concurred.