Hillsborough, }
   Dec., 1894. }

### WEBBER v. OSGOOD.

When a vendor of goods has title and right of possession, an officer who has attached them as the property of the conditional vendee may lawfully surrender them to a subsequent purchaser from the vendor.

TROVER, for a parlor organ. Facts found by the court. May 3, 1890, the plaintiff bargained in writing with George W. Brown for an organ, at the price of $100, of which ten dollars was paid down and five dollars was to be paid each month until the price and interest were paid in full, when the organ was to become the plaintiff's property, and in the meantime was to remain the property of Brown. If the plaintiff failed to make payments, Brown had a right to retake the organ. Possession was given to the plaintiff together with the right to use the organ in her dwelling-house in Milford, and not elsewhere without Brown's consent. October 20, 1892, the defendant attached it as the property of the plaintiff in an action in favor of H. S. Hutchinson. The plaintiff was then owing twenty-five dollars of the price and some interest. The attachment was abandoned prior to January 9, 1893, but the organ was not returned to the plaintiff nor demanded by her. On that day and previously, Brown demanded of the plaintiff payment of the balance, but she neglected, and finally refused, to pay. Afterwards, on the same day (January 9), Brown sold the organ to Hutchinson for the balance due from the plaintiff, and gave a bill of sale to Hutchinson, who took possession and has held it ever since, claiming to own the organ. After this and on the same day, the plaintiff offered to pay Brown the balance due, but he refused to receive it on the ground that he had sold the organ to Hutchinson. Judgment is to be rendered for the party entitled to it upon these facts; and, if ffor the plaintiff, it is to be for seventy-five dollars and interest from the date of the writ.

*Doyle & Lucier*, for the plaintiff.

*Carl E. Knight* and *Charles H. Burns*, for the defendant.

CHASE, J. At the time of the attachment, Brown had the title to the organ and the right to its possession,—the plaintiff having failed to make payments in accordance with her agreement. *Bailey* v. *Colby*, 34 N. H. 29; *McFarland* v. *Farmer*, 42 N. H. 386, 391; *Proctor* v. *Tilton*, 65 N. H. 3, 4. The surrender of the possession to Hutchinson, to whom Brown had sold and transferred his title and right of possession, was a surrender to

the owner and a discharge of the defendant's duty. *Littlefield* v.. *Davis*, 62 N. H. 492. The plaintiff, having no title and no right of possession, has no cause of complaint on account of such surrender.

*Judgment for the defendant.*

SMITH, J., did not sit : the others concurred.