SHIREMAN *v.* JACKSON.

Where *A.* sold personal property to *B.* on credit, with the condition that the title was not to pass till final payment, and that *B.* should have the possession and use the property in the meantime, but should not sell it or any part of it; and before final payment *B.* sold a part of the property, and attempted to sell the remainder: *Held,* that *A.* might peaceably take possession of the remainder for his security, the condition of the sale being broken.

APPEAL from the *Morgan* Court of Common Pleas.

PERKINS, J.—About the first of *September*, 1858, *Michael Shireman* sold to *Granville Jackson* a mare and colt, for 105 dollars, upon these conditions, viz.: *Jackson* was to pay 50 dollars on the 10th of the current *September*, and 55 dollars on the 10th of *September*, 1859. The title to the property was not to pass to *Jackson* till the second and last payment was made, but *Jackson* was to take posses-

*(margin notes: May Term, 1860. SHIREMAN v. JACKSON. Monday, June 11.)*

sion of and use the articles sold, in the meantime, but not to sell or trade them, or either of them.

*Jackson* took possession, paid the 50 dollars, and used the mare. Before the second payment became due, and without making it, *Jackson* sold the colt, and commenced making efforts to sell the mare. He was and is insolvent.

While *Jackson* was seeking a purchaser for the mare, *Shireman*, having an opportunity to peaceably do so, took possession of her, for his own security; *Jackson* thereupon instituted this suit to re-possess himself of the mare, and recovered below.

We think the recovery was wrong.

The title to the property remained in *Shireman*, and the possession given to *Jackson* was coupled with the express condition (it would probably have been implied) that he should not sell the property. By the sale of the colt and the threatened sale of the mare, that condition was broken, and the right to the continued possession forfeited. See Hilliard on Sales, (2d ed.) p. 22, and note.

If *Jackson* had actually sold the mare, no title would have passed to the purchaser, and *Shireman* could have recovered the property. This is decided in *Thomas* v. *Winters*, 12 Ind. R. 322. Why, then, when *Jackson* was attempting to sell, should not the possession be recovered from him, whereby the perpetration of a wrong upon both the owner, and the purchaser from *Jackson*, would be prevented?

Again, had *Shireman* applied to a Court for its interference, it would undoubtedly have been in the power of such tribunal to have given back to *Shireman* the possession of the property, if necessary to his security. But if a party can peaceably obtain, by his own act, the same redress which a Court would afford him, he may do so. 3 Blacks. Comm., (Shars. ed.) p. 4, note.

Again, it may be asked, what right has *Jackson* to ask the Court in this case to aid him in perpetrating a fraud? He has broken his contract, broken the condition upon which he held the property, and was attempting to perpetrate a further breach and fraud, and can be regarded now

as invoking the aid of the Court only to enable him to accomplish his attempt.    Under the code, equity is applied. For cases on conditional sales in this Court, see *Bashor* v. *Cady,* 2 Ind. R. 582; *Cunningham* v. *Banta, id.* 604; *Davis* v. *Stonestreet,* 4 *id.* 101; *King* v. *Wilkins,* 11 *id.* 347; and *Thomas* v. *Winters, supra.*

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*W. R. Harrison, J. W. Gordon,* and *J. A. Beal,* for the appellant.

*A. S. Griggs* and *W. March,* for the appellee.