## C. C. FLECK v. H. H. WARNER.

REPLEVIN; *Partial Payment; Title.* Where W. sells to F. a safe on credit, upon the condition that the title to the safe shall remain in W. until it shall be entirely paid for, and F. is to take possession of the safe, but if at any time he makes default in any payment, W. is then entitled to retake the possession of the safe, and F., after making one or two payments thereon, makes default in all other payments, *held,* that W. is entitled on demand to retake the possession of the property, without paying or tendering back any portion of the amount which F. has paid to W.

*Error from Saline District Court.*

REPLEVIN, brought by *Warner* against *Fleck,* to recover
an iron fire-proof safe.   Trial at the November Term, 1879,
of the district court, and judgment for the plaintiff.   *Fleck*
brings the case here.   The opinion states the facts.

*John Foster,* for plaintiff in error.

*R. A. Lovitt,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin, brought
by H. H. Warner against C. C. Fleck, to recover an iron
fire-proof safe.   The action was commenced before a justice
of the peace, where judgment was rendered in favor of the
plaintiff and against the defendant.   The defendant then took
the case to the district court on petition in error, where the
judgment of the justice of the peace was affirmed; and the
defendant now, as plaintiff in error, brings the case to this
court.   The defendant, as plaintiff in error, makes four
principal points in his brief, which we shall consider in their
order.

I. The legal question involved in the first point made by
the plaintiff in error has been decided by this court in the
case of *Starr v. Hinshaw,* 23 Kas. 532, and it is not necessary
to further consider that question.

II. The plaintiff in error claims that the justice of the
peace erred in refusing to permit the plaintiff in error (de-
fendant below) to ask the witness Lovitt, on cross-examina-
tion, the following question, to wit: "Did Fleck offer to give
up the safe if you would allow him what he had paid on it?"
This question was objected to by the plaintiff "as not proper
on cross-examination, and not material, and incompetent."
The court sustained the objection, and did not permit the
question to be answered.   We think there was no error in
this.   The evidence intended to be obtained by this question
was wholly immaterial.   It appears from the evidence that

the safe in question formerly belónged to the plaintiff Warner; that he sold it to the defendant Fleck, upon condition that Fleck should pay for it in installments, and that the title should remain in Warner until the safe should be entirely paid for. Fleck was to have possession of the safe; but if at any time he should fail to make any payment as agreed upon by the parties, then the plaintiff was to have the right to retake the safe into his possession. The defendant made one or two payments, and then made default in all the others. The plaintiff then, by his agent, R. A. Lovitt, demanded the possession of the safe; but the defendant refused to surrender the same. This was all shown at the trial by the testimony of Lovitt, who was introduced as a witness for the plaintiff. The question objected to was then asked the witness by the defendant on cross-examination.

We think it will be seen from the foregoing facts that the question, with its answer, was wholly immaterial. There was nothing in the agreement between the parties which required that the plaintiff should pay or tender to the defendant anything, after default on the part of the defendant, before the plaintiff should be entitled to the possession of the property. Besides, it would probably be inequitable that the plaintiff should pay back all that he had received from the defendant before being entitled to a return of the property; for the defendant at the time this demand was made had then had the use of the property for nearly one and one-half years. The plaintiff was entitled to the possession of the property without paying back anything to the defendant; and whether the defendant should ever receive anything back, or should be paid anything for what he had already paid to the plaintiff, is a question for further consideration. At the time of the demand the title to the property was in the plaintiff, and he also had the right to the possession thereof. Whether the plaintiff held this title and the right of possession merely as a security for the amount of the debt which the defendant still owed the plaintiff, or whether the property became absolutely the plaintiff's, and the debt from the defendant to the

plaintiff became canceled and extinguished, it is not necessary for us now to decide; and whether the plaintiff then owed or now owes the defendant anything for what the defendant paid the plaintiff, it is not necessary now to determine. Whatever the rights of the parties may be with reference to the payments made by the defendant to the plaintiff, we do not think that the justice of the peace erred in refusing to permit said questions to be answered.

III. We think that the justice of the peace did not err in overruling the demurrer to the evidence. The evidence was amply sufficient to sustain the plaintiff's cause of action. The evidence, *prima facie*, showed that the property was worth all that the justice found it to be worth. The defendant himself admitted by his purchase of the property that it was worth over $120, while the justice found it to be worth only $100.

IV. We do not think that the district court erred so far as it sustained the judgment of the justice of the peace; and if it erred in modifying the judgment, the modification was in favor of the defendant below, (plaintiff in error,) and therefore the plaintiff in error has no cause for complaint in this court.

The judgment of the court below will be affirmed.

All the Justices concurring.