## CHARLES MORGAN v. KIDDER & ROBINSON.

### *Trover. Conditional Sale. Damages.*

1. The plaintiff sold a herd of cattle conditionally, taking a note therefor for $837.50 and a lien by which they were to remain his until the note was "fully paid." The vendee, without the knowledge of the p'aintiff, sold a part of the cattle to the defendants, who paid him, and he paid the plaintiff, the plaintiff endorsing it on the note. In an action of trover, the note remaining unpaid, *held,* that the defendants were liable ; and that the money paid by them could not be allowed in mitigation of damages.*

2. The lien was recorded ; the title was in the plalntiff till the *whole debt* was paid ; the defendants were charged with notice of these facts ; and their good faith cannot help them.

3. Evidence was not admissible in mitigation of damages to show that the identical bank bills paid for the cattle were sent to the plaintiff, he being ignorant of the sale.

4. *Plevin* v. *Henshall,* 25 E. C. L. 21,—distinguished.

* See *Wade* v. *Hennessey, ante,* 207 ; also *Jellett* v. *R. R. Co.,* 15 Reporter, 629, May 16th, 1883, where the Sup. Ct. of Minnesota held that a carrier was liable for the *full value* of a car-load of corn, although $70 had been paid, the conversion being an unauthorized delivery to the vendee before payment of the balance, $30.50.—REP.

TROVER for oxen. Plea, general issue. Trial by jury, December Term, 1882, TAFT, J., presiding. Verdict for plaintiff to recover $160. The facts are sufficiently stated in the opinion of the court, except the following: In mitigation of damages the defendants offered evidence to show that they acted in good faith; and that the identical bank bills received for the oxen were sent to the plaintiff by the conditional vendee. But the defendants did not claim to be able to show the plaintiff, when he received the money, knew that it was the price of the oxen, or that they had been sold. The evidence was excluded.

*J. J. Wilson*, for the defendants.

The money paid for the oxen and received by the plaintiff, should go in mitigation of damages. This is the rule where there is no bad faith. *Plevin* v. *Henshall*, 25 E. C. L. 17; *Irish* v. *Cloyes*, 8 Vt. 30; *Lamb* v. *Washburn*, 9 Vt. 302; *Collins* v. *Perkins*, 31 Vt. 624; *Montgomery* v. *Wilson*, 48 Vt. 616.

*Wm. H. Bliss* and *Hunton & Stickney*, for the plaintiff, contended substantially as the court hold, citing *Thrall* v. *Lathrop*, 30 Vt. 307; *Coles* v. *Clark*, 3 Cush. 399; *Hall* v. *Ray*, 40 Vt. 576; *Smith* v. *Foster*, 18 Vt. 182; 26 Vt. 176.

The opinion of the court was delivered by

VEAZEY, J. Morgan sold a herd of cattle to Green upon condition that the cattle were to remain the property of Morgan until the note which Green gave for the cattle should be "fully paid." The price of the cattle was $837.50, and this was the amount of the note, which was dated April 2d, 1877, and was payable with interest annually at the rate of $150 per year, except the last payment which was a balance of $87.50. In the herd thus sold was the yoke of oxen in question, which Green sold to those defendants for $128, and paid the money to Morgan and the latter indorsed it on the note. The lien reserved was recorded as the statute provides. This transaction is called a chattel mortgage

in the bill of exceptions. It was in fact a conditional sale. This note not having been paid, Morgan brings this suit in trover against the purchasers of the oxen, and the defendants claim that as the plaintiff had the money paid for the oxen, the same should be allowed in mitigation of damages. The lien reserved was in legal effect a security upon the whole property for the entire debt. This is the rule in the case of a mortgage of real estate, and the reason for the rule when applied to a chattel mortgage is greater than in case of real estate security. Personal property, and especially live stock, is less stable—more liable to deterioration, more fluctuating in price. It holds a lower grade as security. The title in these oxen remained in Morgan until the whole debt was paid ; and Green had no right to sell them without Morgan's consent, and the defendants were charged with notice of these facts. Green's obligation was to pay the debt as the instalments fell due, and he had no right to part with or diminish the security. Therefore the payment by Green of the money received for the oxen, to Morgan, is no ground for mitigating the damages in this suit against the purchaser. They bought of Green cattle belonging to Morgan, and which it was Green's duty to keep until his debt was paid, and they paid the money to Green, and his payment of it to Morgan was simply discharging his duty to pay his debt, but did not release him from his other duty to keep the security good, or give the defendants any right to that security, or release them from their obligation to reimburse Morgan for their interference with his property. Upon the facts as offered to be shown by the defendants which were excluded by the County Court, the defendants paid nothing to Morgan, and he never consented to their buying the oxen. Morgan simply took the money paid to him by his debtor Green and applied it on his note without even knowledge then of the transaction between Green and the defendants. Morgan thereby only exercised a right and performed a duty, and his subsequent knowledge of the wrongful act between Green and the defendants did not affect his right or duty as to that money, or cure the wrong of the other parties. His right to the whole security until his debt was paid was a continuing right. That was not affected by a diminution of the debt by payments. The sale

as it was made was unlawful. Green could not without Morgan's consent transfer title. The defendants converted the oxen belonging to Morgan when they refused to give them up, and have not since paid *him* anything. Nor had *they* paid him before. They had constructive legal notice of Morgan's right, therefore their good faith in fact cannot help them. *Thrall* v. *Lathrop*, 30 Vt. 307 ; *Coles* v. *Clark*, 3 Cush. 399. The case is distinguishable from *Plevin* v. *Henshall*, 25 E. C. L. 21, (10 Bing. 24). That was trover for cattle. After verdict for the plaintiff the cattle were seized in the hands of the defendant for rent which became due from the plaintiff to his landlord after the verdict. The defendant having paid the rent, the court allowed him to deduct the amount from the verdict found for the plaintiff which was the value at the time of the trial. The deduction was allowed on the ground that the defendant had by the payment of the rent due from the plaintiff satisfied the damages *pro tanto*. TINDAL, Ch. J., said : " The effect is the same whether the cattle were taken from the hands of the plaintiff or defendant. The parties are in the same situation as if the defendant had gone to the plaintiff after the verdict and had paid £118, the sum distrained for."

In this case Green had no right to dispose of the oxen to raise money with which to make a payment on his debt. The wrong to the plaintiff, which the sale and conversion worked, was, to diminish the plaintiff's security which Green was bound to keep good until the whole debt was paid. If the avails of the cattle had paid the whole debt, there would be good reason for mitigating the damages, although the sale took place before the debt was paid. If the proceeds of the sale should be allowed in mitigation here, the plaintiff derives no benefit, because, although Green's debt to him was diminished, he has lost or been compelled to part with an equivalent amount of property. In the English case, *supra*, the plaintiff derived a benefit by having his *own* debt paid out of the judgment which he recovered. *Montgomery* v. *Wilson, et. al.*, 48 Vt. 616, is a similar case. The general rule is well settled as claimed by the defendants that in actions of trespass and trover, if the goods are returned or the avails have passed to the plaintiff or gone to his use, damages will be mitigated to the ex-

tent shown. But the rule does not apply to this case, because it cannot strictly be said that the avails have gone to the plaintiff's use. The sale and the conversion by the defendants infringed the plaintiff's contract right to have the oxen remain in Green's possession as security until the whole debt was paid. The offer of the defendants on the trial did not meet the requirements as above shown, and the evidence would not have availed them if admitted.

Judgment affirmed.