## LATHAM v. DAVIS.

*(Circuit Court, D. Colorado. February 2, 1891.)*

1. SALE—RESCISSION.
    Where a seller of personal property, by a contract which provides that the title shall remain in him until payment of the price, has received in part payment other goods, he cannot, on refusal of the purchaser to pay the balance, maintain replevin for the goods sold, without first returning the goods received in part payment.

2. SAME—REPLEVIN—PLEADING.
    In such an action defendant cannot allege counter-claims for damage for plaintiff's failure to perform the contract of sale.

At Law.
*R. D. Thompson*, for plaintiff.
*Chas. Cavender*, for defendant.

HALLETT, J., (*orally.*)   September 28, 1889, plaintiff-sold to defendant a printing-press and other materials, to be delivered on or before October 21st in the same year.   Defendant agreed to pay therefor the sum of $2,763 in cash, and a press and other material then used by defendant at Leadville.   The machinery was set up for use, and defendant delivered to plaintiff that which was to be given in exchange for the other, but refused to make the cash payment, alleging that plaintiff did not comply with his contract.   Thereupon plaintiff brought this action of replevin, claiming that the sale was conditional, and that he still holds the title to the property.   The contract of sale, in so far as it relates to this controversy, is as follows:

"H. H. Latham hereby agrees to sell, for the sum of $2,763.00 cash, and second-hand machinery, as below, to C. C. Davis & Co., of Leadville, Colo., the following printing material, to be delivered f. o. b. cars at Birmingham, Conn., & Chicago, Ills., on or before the 21st of October, 1889, warranted free from defective workmanship or material: One (1) 39x52 Whitlock, 2 revolution, front delivery, No. 0; 2 roller cylinder press, with steam fixtures complete; 2 sets roller stocks; 2 roller moulds; wrenches; rubber blanket; side-gauge feeder-stands; cutting attachment for press, and counting machine; one 36-inch champion power paper cutter; one (1) Stonemetz folding machine, to attach to press, with paster and trimmer, steam and overhead fixtures, (second-hand.)   H. H. Latham agrees to furnish man to superintend setting up new machinery, and to superintend taking down and shipping old machinery; C. C. Davis & Co. to pay his railroad fare to and from Denver, and board him while in Leadville, and to pay all necessary expenses outside of man's time,—the above machinery to be furnished for $2,763.00 cash; and one (1) 33x50 Chicago Taylor drum cylinder press; one (1) 30-inch Gem lever paper cutter; and one (1) J. H. Hoole & Co. paging and numbering machine, with two (2) brass heads; and all steam and overhead fixtures belonging to second-hand machines, except one counter-shaft cone and pulley for cutting machine.   Cash payment to be made as soon as machinery is up, in motion, and working satisfactory.   If folding machine will not do the work on paper after a fair trial, H. H. Latham is to furnish one that will do so, free of all expense whatsoever to C. C. Davis & Co.   Machines guarantied to be first class in every respect, and to do as good work as machines of same description and size of other first-class manufacture.   It is further agreed that the title to said property shall remain in the seller until the purchase price has been fully paid; and, in case of any default in any of the terms of this contract, the seller shall have the right to take immediate possession of said property.   Upon the payment of the purchase price in cash, H. H. Latham agrees to execute and deliver a good and sufficient bill of sale of the above-described property."

The agreement clearly supports the plaintiff's position, but the question is whether he can reclaim the property without returning the press and other materials which he received in part payment for it.   By some courts it is held that under an agreement of this kind the buyer forfeits all partial payments upon failure to complete the contract, and is bound to surrender the property on demand.   *Fleck* v. *Warner*, 25 Kan. 492.

The better rule, however, seems to be that in reclaiming the property the seller rescinds the contract of sale in so far as it has been executed, and is thereupon bound to restore to the buyer anything that he may have received in the way of payment. *Hamilton* v. *Manufacturing Co.*, 54 Ill. 371; *Hine* v. *Roberts*, 48 Conn. 268; *Preston* v. *Whitney*, 23 Mich. 260. This rule seems to be especially applicable to a case of this kind, in which property is given in exchange of the same general character as that purchased. Having obtained possession of defendant's old press and material at the time the new machinery was set up, if in this action plaintiff can take the new press without returning the other, defendant will have nothing with which to print his newspaper. The rule relates only to money and property given in payment for the property purchased, as to which the seller ought to put the buyer in the position he held when the contract was made. It does not in any way relate to fulfillment of the contract, or damages for failure therein, and therefore all that is alleged by defendant in his three answers (which he calls counter-claims) as damages for breach of the contract—as that the machinery was not delivered in time; that at plaintiff's request he furnished some part of the materials used; that the machinery was not of the kind or capacity sold; and the like—are not within the rule. Such defenses are not admissible in this form of action. The question here is the right of possession, and whether it is in plaintiff or defendant. All other matters are to be settled in another form of action, which is adapted to the recovery of money. It is difficult to conceive of a counter-claim in an action of replevin; but, if such pleading may be allowed in any case, there is nothing to support it in this case. Under the contract, defendant may insist upon having his press and materials again as a condition to relinquishing that which he purchased; but this is not in the way of counter-claim, but a matter of defense simply. The demurrer will be sustained, and defendant will have leave to amend, so as to present the single matter of defense, as indicated.