JAMES W. TUFTS v. EPAPHRODITUS R. D'ARCAMBAL.

*Conditional sale—Breach of condition—Replevin—Rights of parties.*

A contract of sale provided for the retention of title by the vendor until the property was paid for, and that, in case of the non-payment of either of the purchase-price notes at maturity, the vendor might take possession of the property, but did not provide that such act should operate as a rescission of the contract, or as a forfeiture of the payments made thereon. On default being made in such payments the vendor replevied the property. And it is held that such action did not entitle the vendee to rescind the contract, or to recover the amount paid thereon, or to a delivery of the unpaid notes, nor did it give him any lien upon the property for the amount of such payments; and that upon the payment of the amount due the vendee would have a right to a return of the property.

Error to Kalamazoo. (Buck, J ) Argued February 11, 1891. Decided April 17, 1891.

Replevin. Plaintiff brings error. Reversed in part and affirmed in part. The facts are stated in the opinion.

*Osborn & Mills,* for appellant.

*Irish & Knappen,* for defendant.

McGRATH, J. This is an action of replevin. In March, 1888, plaintiff's agent took of defendant an order for certain soda-water apparatus replevined herein, which order was as follows:

"KALAMAZOO, MICH., March 7, 1888.
"JAMES W. TUFTS,
        "Boston, Mass.:
"Forward the following described soda-water apparatus, and on receipt of bill of lading I will honor sight draft for $——. The balance I promise to pay in monthly sums, as follows: May 10, $25, and $25 per month, with interest at 4 per cent. from date of shipment with each payment, and for such balance and interest will execute and deliver contract notes of like tenor and form as the one· printed on the back of this order, and maturing as above set forth ; the delivery of said apparatus, etc., to be conditional upon compliance with the above terms and conditions, and said apparatus to remain the property of James W. Tufts till paid for. [Then follows a description of apparatus.]

                "E. R. D'ARCAMBAL."

On the back of the order appears the following :

"$——.                                          188—.
"For value received, —— after date, —— promise to pay to the order of James W.· Tufts —— dollars, with interest ——.

"The consideration of this and other notes is the following described soda-water apparatus, ——, which —— have received of said James W. Tufts.

"Nevertheless, it is understood and agreed by and between —— and the said James W. Tufts that the title to the above-mentioned property does not pass to ——, and that until all said notes are paid the title to the aforesaid property shall·remain in the said James W. Tufts, who shall have the right, in case of non-payment at maturity of either of said notes, without process of law, to enter and retake, and may enter and retake, immediate possession of the said property, wherever it may be, and remove the same.

"Payable at the ——Bank. ————.
"Due ——."

The apparatus was shipped to and accepted by defend-

ant. It was agreed between the parties that defendant should ship and that the plaintiff should receive, to apply upon the purchase price of the apparatus, a second-hand Puffer soda-water fountain, for which he was to be allowed $500 upon the purchase price of the new fountain, and that for the balance of $1,100 he should give his notes similar in form to that upon the back of the said order; that on March 21, 1888, the defendant executed at Kalamazoo and forwarded to the plaintiff 44 notes, for $25 each, due at the rate of $25 per month, all being in form as follows:

"$25.00.        KALAMAZOO, MICH., Mch. 21, 1888.

"For value received, November 10, 1888, after date, I promise to pay to the order of James W. Tufts twenty-five dollars, with interest at 4 per cent.

"The consideration of this and other notes is the following described soda-water apparatus: One 24–10 R. form and fancy Siberian Missouri, No. 687, with water attach; three 10-gal. seamless cop. founts,—which I have received of said James W. Tufts.

"Nevertheless, it is understood and agreed by and between me and the said James W. Tufts that the title to the above-mentioned property does not pass to me, and that until all said notes are paid the title to the aforesaid property shall remain in the said James W. Tufts, who shall have the right, in case of non-payment at maturity of either of said notes, without process of law, to enter and retake, and may enter and retake, immediate possession of the said property, wherever it may be, and remove the same.

"Payable at the First Nat'l Bank, Kalamazoo, Mich.
                    "E. R. D'ARCAMBAL,
                        "151 So. Burdick St.
· "Due Nov. 10, 1888."

The old apparatus was shipped to plaintiff, and credited as agreed. Ten of the notes were afterwards paid. Nine others had become due, and were unpaid, and, after demand made, plaintiff took out his writ of replevin, and obtained possession of the property. All of the unpaid

notes were in possession of plaintiff, and were not tendered back to defendant before the commencement of suit.

The defendant, under objection and exception, introduced evidence tending to establish the condition and value of the apparatus replevied by the plaintiff of defendant at the time thereof, and tending to prove that it had not substantially depreciated in value; and also testimony tending to show the amount of such depreciation, and the rental value of such apparatus for the time it was used by defendant.

Counsel for plaintiff requested the court to charge the jury that the plaintiff was entitled to a verdict, and that the defendant had no lien upon the property in controversy, and was not entitled to any allowance or verdict on account of the money paid by him towards the purchase price of the property over and above the depreciation of it, and a fair rental for its use during the time it was in defendant's possession, or on account of the Puffer soda-water fountain received by plaintiff from him. The court declined to charge the jury as so requested, and to such refusal counsel for plaintiff excepted; and thereupon the court, at the request of the defendant, instructed the jury that defendant had a lien upon the property, and was entitled to recover as against the plaintiff such a sum as they found from the evidence would be just between the parties, after deducting a fair amount for the rental value of the property during the time that it was in the possession of the defendant, and for any depreciation in value it had sustained during that period; to which instruction and ruling plaintiff by his counsel excepted.

The jury rendered the following verdict:

"That the said defendant did unlawfully detain the goods and chattels mentioned in manner and form as the said plaintiff has in his declaration in this cause com-

plained against him, and that they assess the damages of the said plaintiff by reason thereof at the sum of six cents. And they further find that the said defendant has a lien upon or special property in said goods and chattels to the amount of two hundred and fifty dollars ($250)."

Upon this verdict the following judgment was entered:

"The jury, by whom the issue joined in this cause was tried, having found by their verdict that the said defend-· ant did unlawfully detain the goods and chattels in said plaintiff's declaration, as therein alleged, and having assessed the damages of plaintiff by reason of the unlawful detention of said goods and chattels at the sum of six cents over and above his costs and charges by him about his suit in this behalf expended, and the said jurors having further found that said defendant hath a lien upon or special property in said goods. and chattels to the amount of two hundred and fifty dollars, and is not the general owner thereof, but that said plaintiff is the general owner of the said goods and chattels, subject to the lien aforesaid of said defendant:

"Therefore it is further considered that said defendant do recover against the said plaintiff the said sum of two hundred and fifty dollars, being the amount of his special property in said goods and chattels so by the jurors in form aforesaid found, and that said defendant have execution thereof.

"And it is further considered that the said plaintiff do recover against the said defendant his costs and charges by him about his suit in this behalf expended to be taxed, and that he have execution thereof."

Plaintiff appeals, alleging the following errors:

"1. The court erred in allowing the defendant to introduce evidence tending to establish the condition and value of the apparatus replevied by the plaintiff from the defendant at the time thereof, and tending to prove that it had not substantially depreciated in value, and also in permitting the defendant to introduce evidence tending to show the amount of such depreciation, and the rental value of such an apparatus for the time it was used by the defendant, and in overruling the objections thereto made in behalf of the plaintiff.

"2. The court erred in refusing to instruct the jury

that the plaintiff was entitled to a verdict, and that the defendant had no lien upon the property in controversy, and was not entitled to any allowance or verdict on account of the money paid by him towards the purchase price of the property over and above the depreciation of it, and a fair rental for its use during the time it was in defendant's possession, or on account of the Puffer soda-water fountain received by plaintiff from him.

"3. The court erred in instructing the jury that the defendant had a lien upon the property, and was entitled to recover as against the plaintiff such a sum as they found from the evidence would be just between the parties, after deducting a fair amount for the rental value of the property during the time that it was in the possession of the defendant, and for any depreciation in value it had sustained during that period.

"4. The court erred in rendering the judgment entered in said cause, in manner and form as it was rendered and entered therein.

It will be observed that the contract here does not provide for a rescission thereof before plaintiff should have the right to reduce the property to his possession, nor does it provide that the taking of possession should rescind the contract or work a forfeiture of the amount paid upon the apparatus, but the plaintiff treats the contract as still existing and executory. The contract provides expressly that the title to the property shall continue to remain in plaintiff until the apparatus is paid for, and that, in case of the non-payment of either of the notes at maturity, the plaintiff should have the right to take possession of the property; but it contains no provision that such act shall operate as a rescission of the contract, or a forfeiture of the payments thereon. The reduction of the property to possession by plaintiff does not excuse performance by defendant, as defendant has the right, upon payment of the amount due, to a return of the property. Plaintiff had the right, under the express conditions of the contract, to secure himself by taking possession, and the exercise of this right under the contract

did not entitle the defendant to rescind the contract, or to a recovery of the amount paid, or to a delivery to him of the unpaid notes; neither did it give him any lien upon the property for the amount paid by him. The court erred, therefore, in refusing to direct a verdict for plaintiff, and in instructing the jury that defendant had a lien upon the property for any amount. Plaintiff was entitled to judgment, and to his damages for the unlawful detention of his property as fixed by the jury, and to that extent the judgment below is affirmed, and reversed as to the residue, with costs of both courts to plaintiff.

The other Justices concurred.