### In re HOOVEN–OWENS–RENTSCHLER CO.

### In re NATIONAL CONST. CO.

#### (Circuit Court of Appeals, Sixth Circuit. April 11, 1912.)

#### No. 2,188.

BANKRUPTCY (§ 212*)—PETITION FOR RECLAMATION OF PROPERTY—POWER OF COURT TO IMPOSE EQUITABLE CONDITIONS.

Petitioner sold an engine to a purchaser in Michigan, receiving part payment and retaining title to secure the remainder due. Before further payment the purchaser became bankrupt. Under the law of Michigan, petitioner under its contract could maintain replevin for the engine, but was also subject to an action by the purchaser to recover the payment made, less proper allowance for use and deterioration. Petitioner filed a petition in the bankruptcy court for an order directing the trustee to pay the balance due or to surrender the engine or for "such other and further relief in the premises as may seem meet." *Held*, that the court had power in the exercise of its equitable jurisdiction so invoked to require petitioner as a condition to the return of the engine to repay to the trustee the payment received thereon, less a proper deduction for the expense and for deterioration.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 236; Dec. Dig. § 212.*]

Petition for Revision of Proceedings of the District Court of the United States for the Eastern District of Michigan.

In the matter of the National Construction Company, bankrupt. On petition of the Hooven-Owens-Rentschler Company to review an order of the District Court. Affirmed.

The Hooven-Owens-Rentschler Company, as vendor, sold an engine to the National Construction Company for a total purchase price of $1,700, of which $560 was paid in cash, and as security for the remainder of which purchase price, the vendor, by contract, retained title until payment in full should be made. The Construction Company, in turn, proceeded to install the engine as part of the complete plant which it was erecting for and selling to a sugar manufacturing company, at Charlevoix, Mich. Pending this erection, the Construction Company was adjudicated bankrupt. The vendor of the engine desired to assert its retained title against the Charlevoix Sugar Company, and, to that end, it filed a petition in the bankruptcy court, stating that the engine was in the technical possession of the trustee in bankruptcy,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

but in the actual possession of the Charlevoix Sugar Company, and that the trustee had refused to consent to the return of the engine or to the payment of the balance of the purchase price, unless he was so directed by the bankruptcy court, and asking an order that the Sugar Company be directed to deliver the engine to petitioner, or the petitioner have "such other and further relief in the premises as may seem meet." Upon this petition, and after hearing, the court made an order authorizing the petitioner to repossess the engine and sell and dispose of it as its own, upon the condition that it should pay to the trustee the $560 which it had received, less the expense of repossessing and less the deterioration, the amount of such deductions to be determined by the referee to whom the petition was referred. The petitioner thereupon retook the engine and sold it to another. Upon proceedings before the referee upon the order of reference, he determined that $100 was the proper deduction for depreciation, etc., to be made under the terms of the order, and the District Court confirmed this report and directed the petitioner to pay the bankruptcy trustee the $460. The petitioner brings in this court its petition for review under section 24b of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3431]).

E. W. Snyder (Devine & Snyder, on the brief), for petitioner.

H. B. Graves, for respondent.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge (after stating the facts as above). We may well disregard, for the purposes of this opinion, any question arising from the fact that the first order imposing the condition was made a long time ago, and that petitioner seems to have acted under that order and derived some benefit therefrom, and we will treat the case as though both orders took effect only at the date of the final order, and should be construed together as one.

The petitioner's complaint is that, under the laws of Michigan, it had the absolute legal right to replevin this property, and that the bankruptcy court had no power to impose any condition. The premise of this complaint may be granted. In Michigan, the vendor in such a contract may maintain replevin, and the fact of the payment of anything less than the whole of the purchase price would be no defense to the replevin suit (Tufts v. D'Arcanbal, 85 Mich. 185, 48 N. W. 497. 12 L. R. A. 446, 24 Am. St. Rep. 79; Thrilby v. Rainbow, 93 Mich. 164, 168, 53 N. W. 159); and, on the other hand, the vendor in such a contract (containing no forfeiture or liquidated damages provision tending to cover the subject of payments, use and depreciation), who retakes the property and sells it to another, is considered to have rescinded and is liable to the vendee in an action at law for the purchase money payments which he had received, less suitable allowances for the use of the property, depreciation, etc. This liability is recognized as essentially equitable, and, although it may be enforced in an action at law, it doubtless could also be enforced in a proper case by a bill for an accounting (Preston v. Whitney, 23 Mich. 260, 267). Petitioner, being under this equitable liability to account, came voluntarily into the bankruptcy court, and made the application which it did make, expecting to get some benefit therefrom, and its application, under the facts stated and the prayer for general relief, would have furnished support for a direction that the trustee pay to petitioner

the unpaid purchase price and so get the full benefit of the bankrupt's sale to the Sugar Company; indeed, this may have been petitioner's object.

We find, then, that petitioner, a resident of Ohio, was, if it rescinded the sale, liable to account to the bankruptcy trustee for the $560 received, and was subject to be sued at law or in equity in any court having personal jurisdiction over petitioner. Under these circumstances, petitioner invoked the action of the bankruptcy court in the same general subject-matter. Full personal jurisdiction over it was thereby acquired, and there was neither lack of jurisdiction nor abuse of discretion in directing, in that very proceeding, that petitioner should respond to the trustee for any such liability which in fact existed.

The strictly legal character of the action which petitioner might have taken without coming into the bankruptcy court and which it did take after thus coming into that court, and the quasi equitable character of the condition imposed and the order finally made, are not so inconsistent as to invalidate the latter. We are holding, by opinion this day filed, in Rode & Horn v. Phipps, 195 Fed. 414, 114 C. C. A. ——, that these unclassified proceedings by intervening petition in the bankruptcy court, even though they present only legal questions, are so far equitable in form that equitable remedies are appropriate. Much more is this true when the petition seeks, as this one did, whatever equitable relief the court may think is proper, and when the remedy given by way of an imposed condition is of at least quasi equitable character.

The order of the District Court should be affirmed, with costs.