[Civil No. 1999.   Filed April 5, 1922.]

[205 Pac. 587.]

MIGNON BLACKFORD and NORMA KRUSE JENNINGS, Appellants, v. FRANCIS NEAVES, Appellee.

1. APPEAL AND ERROR—CONCLUSIONS IN SUPPORT OF JUDGMENT PRESUMED.—In the absence of findings of fact, it must be presumed that the trial court's conclusions on every necessary issue were such as would support the judgment.

2. APPEAL AND ERROR—JUDGMENT ON CONTROVERTED FACTS SUSTAINED. The trial court's judgment on controverted questions of fact should be sustained when supported by substantial evidence.

3. SALES—UNDER CONDITIONAL SALE, SELLER MAY RETAKE POSSESSION, WITHOUT AGREEMENT, ON BUYER'S DEFAULT.—Under an

absolute sale, leaving part of the purchase price unpaid, the seller, without an express agreement for rescission on failure to pay, cannot retake the property, but may only sue for the purchase price, but where the sale is conditional, the seller, retaining title, may retake possession, without agreement to such effect, on the buyer's default.

4. SALES — SELLER MAY RETAKE POSSESSION ON BUYER'S DEFAULT, WITHOUT RESORT TO COURTS.—Under a conditional sale, the seller may retake possession on the buyer's default, without resort to the courts, if he can obtain the property without a breach of the peace.

5. SALES—WHETHER ABSOLUTE OR CONDITIONAL, DEPENDS ON PARTIES' INTENTION AND CONDUCT.—Whether a sale is absolute or conditional, at least as between the parties, depends chiefly on their intention, and a reservation of title may be implied from their acts.

6. SALES — CONDITIONAL SALE CONTRACT VALID BETWEEN PARTIES, THOUGH NOT WRITTEN.—Under Civil Code of 1913, paragraph 3278, a conditional sale contract is valid as between the parties, though not written.

7. SALES — EVIDENCE HELD TO SUPPORT FINDING SALE WAS CONDITIONAL.—Evidence *held* sufficient to sustain a finding that the sale of an automobile was conditional, title remaining in the seller, subject to the making of future payments, as set forth in an escrow agreement.

8. SALES—BUYER ACCEPTING CAR WITH KNOWLEDGE OF BREACH OF WARRANTY NOT EXCUSED FROM FURTHER PAYMENTS.—Buyers. who took possession of an automobile under a conditional sale contract, with full knowledge of the seller's breach of warranty of deliverable quality, were not excused from further payments until the seller complied with an agreement to put the car in good condition, their only remedy under Civil Code of 1913, paragraphs 5235, 5236, being to set up such breach in diminution of the price.

9. SALES—BUYERS NOT ENTITLED TO REFUND ON SELLER'S RETAKING POSSESSION ON DEFAULT.—Buyers of an automobile under a conditional sale contract, who defaulted on their payments without excuse except that they paid out money the seller should have paid to put the car in good condition as agreed, and took it with full knowledge of such breach, were not entitled, on the seller's retaking the car, to any refund of money paid on the

9. Right of purchaser on conditional sale to recover back payments where seller retakes the property, notes, 32 L. R. A. 465; 38 L. R. A. (N. S.) 891; 51 L. R. A. (N. S.) 251.

purchase price, in the absence of an agreement to such effect, or a wrongful act by the seller, but must tender the balance due after deducting the amount the seller should have paid.

APPEAL from a judgment of the Superior Court of the County of Graham. A. G. McAlister, Judge. Affirmed.

Mr. W. K. Dial, for Appellants.

No appearance for Appellee.

LOCKWOOD, Superior Judge.—Plaintiffs herein, in their complaint, alleged that defendant was the owner of a certain automobile; and that on November 9, 1917, and at Miami, Arizona, he sold and delivered the same to plaintiffs for the agreed price of $825, $325 of which was paid at the time of delivery, and the balance agreed to be paid in various installments. The defendant at such time agreed to have the automobile put in running order at his expense, but that when, several days after the sale, plaintiffs went to get the car, it was not properly repaired, and they were compelled to have certain work done on it, which they did, at an expense of $44.50, and then put the car in the rent service at Deming, New Mexico, paying $51 license fee, and earning $8.95 per day for ten days. That thereafter, on or about the twenty-fourth day of December, defendant went to Deming and stole the car, bringing it to Arizona, whereupon this suit was commenced.

Plaintiffs further alleged that they had performed all the conditions of their contract, but that defendant had failed and refused to abide thereby, and that they were put to the expense of $41.60 in pursuing him and endeavoring to obtain possession of the car, claiming general damages in the sum of $550.60. Defendant pleads a general denial.

The case was tried to the court without a jury, and judgment was rendered in favor of the defendant. Motion for a new trial was duly presented and overruled, and plaintiffs appeal from the order so overruling said motion and from the judgment.

Appellants have assigned four errors in their brief, alleging that the trial court erred in its holdings: First, that defendant could forcibly take possession of the automobile for any default in payment, and retain what had been paid thereon; second, that plaintiffs waived their right to have the car put in a deliverable state because they furnished the necessary parts and took it away; third, that they were not entitled to offset the amount they paid on the car against the purchase price; and fourth, that a vendor can retake property after possession had been delivered, when vendee has made default in payments, in the absence of a forfeiture clause in the contract.

The trial court filed no findings of fact, but we must presume that its conclusions on every necessary issue were such as would support the judgment. 4 Corpus Juris, 778; *Croft* v. *Bain,* 49 Mont. 484, 143 Pac. 960. If, therefore, there is sufficient evidence in the record to justify the judgment, it should be sustained; otherwise it must be reversed, for this court will not substitute its opinion on controverted questions of fact for that of the trial court, when substantial evidence supports the judgment of the latter. *McGowan* v. *Sullivan,* 5 Ariz. 334, 52 Pac. 986; *De Mund Lbr. Co.* v. *Stilwell,* 8 Ariz. 1, 68 Pac. 543.

The vital point in the case is whether the transaction was an ordinary sale, with property in the automobile passing to the buyers leaving part of the purchase price unpaid; or a conditional sale, where the possession is transferred, but the ownership retained by the seller, until after full payment. If it was the former, defendant undoubtedly had no right

to retake the car, as it is admitted he did. He had delivered possession to the plaintiffs. There was no express agreement for rescission of the contract on failure to pay, and his only remedy was an action for the purchase price of the goods. But if the sale was only conditional, with the title retained by the defendant, the law is very different. Under such a sale, even in the absence of an express agreement to that effect, on the failure of payment, the vendor may retake possession of the property sold. *Pels* v. *Millen,* 192 Mass. 13, 77 N. E. 1152; *Blanchard* v. *Cooke,* 147 Mass. 215, 17 N. E. 313; *Smith* v. *Barber,* 153 Ind. 322, 53 N. E. 1014; *Williams* v. *Williams* (Miss.), 23 South. 291. Nor does he need to resort to the courts if he can obtain the property without a breach of the peace. *Shireman* v. *Jackson,* 14 Ind. 459; *Proctor* v. *Tilton,* 65 N. H. 3, 17 Atl. 638.

Now, whether or not a sale is absolute or conditional, so far at least as its effect between the parties is concerned, like all other contracts, depends chiefly on their intention, and a reservation of title may be implied from their acts. *Hammett* v. *Linneman,* 48 N. Y. 399; *McManus* v. *Walters,* 62 Kan. 128, 61 Pac. 686; *Whitwell* v. *Vincent,* 4 Pick. (Mass.) 449, 16 Am. Dec. 355. Nor is a written contract necessary as between the parties. *Butts* v. *Screws,* 95 N. C. 215; *Blackwell* v. *Walker* (C. C.), 5 Fed. 419; par. 3278, Rev. Stats. Ariz. 1913.

In view of the undisputed testimony that a bill of sale was made out and placed in escrow, with provisions for future payments, and one of the plaintiff's statements that it was a "bill of sale or conditional sale contract. I don't know what it was," the trial court was justified in finding, as it must have found to sustain the judgment, that the transaction was one of a conditional sale where the title was to remain in the

defendant, subject to the making of the future payments set forth in the escrow agreement. Such being the case, defendant had a right to retake possession of the car, if plaintiffs had failed to carry out their agreement, without a legal excuse therefor.

But plaintiffs contend that defendant agreed to put the car in good condition before delivery, and since he did not do so, and they were forced to pay $44.50 to make it conform to the contract, they were excused from further payments until defendant complied with his agreement. Admitting that there was a breach of warranty of deliverable quality, such as plaintiffs allege, after they had, with full knowledge thereof taken possession of the car, their only remedy was to set up such breach in diminution of the price. Paragraphs 5235 and 5236, Rev. Stats. Ariz., 1913.

By the terms of the agreement, $175 was due on the purchase price when defendant retook the car, and plaintiffs only claim a damage of $44.50 for failure of warranty. The evidence justifies a finding that they made no tender of what was the balance due on November 17 and December 8, 1917, at any time prior to, or at the date when, defendant demanded either the car or his money, and that they were then unable to make the payment.

Since the trial court was justified in finding that the transaction was a conditional sale, and that plaintiffs had failed to make their payments, without legal cause therefor, the only remaining question is whether or not, on defendant's retaking the car, plaintiffs were entitled to any refund of the money already paid thereon, when the original agreement is silent on the point. There is a sharp conflict on this question. Many respectable authorities, both in weight and number, hold that it is not necessary to refund payments already made. *Fleck* v. *Warner*, 25 Kan.

492; *Lorain Steel Co.* v. *Norfolk, etc.,* 187 Mass. 500, 73 N. E. 646; *Duke* v. *Shackleford,* 56 Miss. 552; *Tufts* v. *D'Arcambal,* 85 Mich. 185, 24 Am. St. Rep. 79, 12 L. R. A. 446, 48 N. W. 497; *Humeston* v. *Cherry,* 23 Hun, 141; *Morgan* v. *Kidder,* 55 Vt. 367; *Baston* v. *Clifford,* 68 Ill. 67, 18 Am. Rep. 547. Others rule that the vendee may recover any money he has paid, but usually annex to this right the duty to pay a reasonable sum for the use of the property. *Puffer etc. Mfg. Co.* v. *Lucas,* 112 N. C. 377, 19 L. R. A. 682, 17 S. E. 174; *Snook* v. *Raglan,* 89 Ga. 251, 15 S. E. 364; *Latham* v. *Davis* (C. C.), 44 Fed. 862; *Shafer* v. *Russell,* 28 Utah, 444, 79 Pac. 559. It seems, however, that the best rule has been laid down in *Singer Mfg. Co.* v. *Ellington,* 103 Ill. App. 517, 525, wherein the court says:

"Contracts of the kind in evidence, are intended to secure the vendor for the purchase money. They should not be construed so as to give the vendor both the property and money received for it, unless so expressly stipulated, or, unless the facts in the case disclose no wrongful act in the vendor, and no grounds for relief in the vendee."

On the evidence in this case, I cannot say that the trial court was not justified in finding that there was "no wrongful act in the vendor, and no ground for relief in the vendee." Plaintiffs defaulted on their payments without any excuse except that they had paid out $44.50, which defendant should have paid. Having taken the car with full knowledge of that fact, the least they could do was to tender the balance admittedly due, after deducting the $44.50. This was not done.

The trial court having been justified on the evidence in drawing the conclusion that defendant had the right to retake the car, and that plaintiffs had no equitable

grounds for relief in recovery of the amounts already paid thereon, the judgment should be affirmed.

ROSS, C. J., and FLANIGAN, J., concur.

NOTE.—Judge McALISTER, being disqualified, took no part in the decision of this case.