## WILKIN v. HEYWOOD–WAKEFIELD CO.

### In re HARMONY THEATER CO.

(Circuit Court of Appeals, Sixth Circuit.
June 30, 1925.)

Nos. 4308, 4344.

**1. Bankruptcy ⊙═212—Vendor, without authority to do business in state, may bring reclamation proceeding while property is in possession of trustee of vendee.**

A foreign corporation, not licensed to do business in Michigan, may bring reclamation proceeding for property delivered to bankrupt under contract by which it retained title, subject to duty to repay so much of purchase price received as has not been counterbalanced by depreciation in the property.

**2. Bankruptcy ⊙═212 — Foreign corporation, not permitted to do business in state, may require trustee of vendee to pay sum representing vendor's interest in fund received from sale of goods.**

Foreign corporation selling goods to bankrupt, without permission to do business in state, under contract by which it retained title, *held* entitled to sum representing its interest in fund received by trustee from sale of goods, where amount of vendor's interest had been agreed upon, and it appeared that fund was sufficient to pay balance due on goods.

Appeal from the District Court of the United States for the Eastern District of Michigan; Charles C. Simons and Arthur J. Tuttle, Judges.

Petition by the Heywood-Wakefield Company to require Herbert R. Wilkin, trustee, to pay over a sum representing the petitioner's interest in the fund received by the trustee from a sale of chairs sold to the Harmony Theater Company, bankrupt. From an order of the District Court directing the trustee to pay over such amount, the trustee appeals. Affirmed.

See, also, 2 F.(2d) 376.

Walter I. McKenzie, of Detroit, Mich., for appellant.

John McNeil Burns, of Detroit, Mich., for appellee.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DENISON, Circuit Judge. The Harmony Theater Company, of Detroit, made a contract with the Heywood-Wakefield Company, an Illinois corporation, to manufacture for it, and install in its theater, a quantity of chairs. By the contract, the title was to be reserved in the vendor until paid for. The chairs were installed, and while a portion of the purchase price remained unpaid the theater company became bankrupt, and a re-ceiver, and later a trustee, were appointed. The Illinois corporation did not duly obtain permission to do business in Michigan, and we assume, for the purposes of this opinion, and as both counsel do, that the contract contemplated doing business in Michigan, and for this reason was invalid.

[1] However, it is clear under the Michigan decisions that, while the property was in the possession of the trustee, the vendor might have brought a reclamation proceeding, and would thereunder have been entitled to take back the property (Rex Beach Picture Co. v. Garson, 209 Mich. 692, 177 N. W. 254), subject, no doubt, to the duty to repay so much of the purchase price received as had not been counterbalanced by depreciation in the property (Re Hooven, etc., Co. [C. C. A. 6] 195 F. 424, 115 C. C. A. 326).

The vendor brought no such reclamation proceeding, and the entire property, including the chairs, was sold, as if free from liens. At the creditors' meeting, when the sale came up for confirmation, the vendor protested the sale of the chairs on account of its interest therein; but the referee gave it to understand that the sale had brought enough to pay in full all liens, including this, and the objection was withdrawn, and the sale confirmed. Thereupon the vendor filed its petition asking that the trustee deliver the chairs or pay $4,856, "which sum represents petitioner's interest in the fund received by the trustee from the sale of the chairs."

As above stated, the true measure of the vendor's right, which right had not been lost by the sale, was the value of the chairs, subject to an accounting as to payments and depreciation. Its interest in the chairs on this basis might or might not have been the same as the balance due upon the contract. The amount stated in the petition might or might not be the amount so due, although in fact it was. The parties stipulated that "the amount of the claim, if allowed, should be in the sum of $4,856."

[2] It thus clearly appears that the vendor had an interest in the chairs; that the amount of the interest has been agreed upon; that the trustee, after using the chairs for a time, sold them and has the money; and, in view of the stipulation, no question is open as to whether he received for the chairs enough to cover the agreed amount. Under these circumstances, the contention of the trustee that the vendor is being permitted to enforce its illegal contract cannot be sustained.

The order of the District Court, which directed the trustee to pay over this amount, is affirmed.