[Civil No. 1047. Filed March 20, 1909.]

[100 Pac. 460.]

DANIEL HANKINS and E. G. RILEY, Defendants and Appellants, v. FRANK P. HELMS, C. C. HIGHT, and HENRY MAGNE, Plaintiffs and Appellees.

1. PLEADING — VERIFICATION — OPERATION AND EFFECT.—Civil Code of 1901, paragraph 1359, provides that, in actions for equitable relief, if the complaint or cross-complaint is verified, the answer shall be under oath, and the material allegations of the complaint which are denied under oath shall be taken as confessed. A complaint alleged that the plaintiffs were citizens of the United States, and was verified before plaintiffs' attorney, a notary public, by one of the plaintiffs, who deposed "that the things therein stated are true of his own knowledge, except those things stated on information and belief." One of the defendants in his answer denied "each and every material allegation in said complaint contained, not hereafter expressly admitted," and did not expressly admit the averment of citizenship. The answer was verified by alleging that its statements are true in substance and in fact. *Held*, that the averment of citizenship in the complaint was admitted by the answer because of defendant's failure to deny such allegation under oath.

2. QUIETING TITLE—NATURE OF REMEDY.—A suit to quiet title is of equitable cognizance.

3. PLEADING—SUFFICIENCY OF VERIFICATION.—Under Civil Code of 1901, paragraph 1359, providing for verification of a complaint, where equitable relief is prayed for, that the allegations are true in substance and in fact, the verification by plaintiff "that the things therein stated are true of his own knowledge, except those things stated on information and belief, and as to those things he believes it to be true," is sufficient.

4. PLEADING—VERIFICATION—SUFFICIENCY OF VERIFICATION BEFORE ATTORNEY.—A plaintiff may verify his complaint before a notary who is his attorney in the action.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Cochise. Fletcher M. Doan, Judge. Affirmed on rehearing.

For former opinion, see *ante,* p. 104, 95 Pac. 1133.

O'Connell & McReynolds, and Neale & Ross, for Appellants.

L. Kearney, for Appellees.

SLOAN, J.—At the former hearing of this case the judgment of the lower court was affirmed without an opinion, the members of the court sitting being equally divided in opinion upon the only question in the case we regarded as requiring serious consideration, which was as to the necessity of proof of citizenship of the successful party in the court below to sustain the judgment. We have reconsidered this question in the light of the supplemental briefs filed by the respective counsel upon the rehearing, and have also re-examined the record as to all the questions raised by the appellants. We are still of the opinion, after such examination, that the question of citizenship is the only one presented by the record worthy of serious consideration. We are also now of the opinion that the judgment of the court below must be affirmed, even if we should adopt the view that alienage of a party to an adverse suit can properly be made an issue, so that when thus raised the proceeding becomes, as to such issue, one in the nature of "inquest of office."

The suit was originally brought by Frank P. Helms, C. C. Hight, and Henry Magne. The complaint, which was in form an action to quiet title under the statute, with the additional allegations required in an adverse suit, alleged the citizenship of the plaintiffs, who were the locators of the mining location, the right of possession to which is in question. The answer of the defendant Hankins put in issue all the allegations of the complaint, including that of the citizenship of the plaintiffs. Subsequent to the bringing of the suit, and before trial, the plaintiffs conveyed their interests in the ground in controversy to James Howlett, Almet Kemp, and Fred Keely. Upon application to the trial court, Howlett, Kemp, and Keely were substituted as plaintiffs in the action. The question of citi-

zenship of the substituted plaintiffs does not appear, so far as the record discloses, to have been raised in the court below by any pleading, motion, or otherwise upon the trial. The judgment of the trial court quieted the title of Howlett, Kemp, and Keely in and to the mining claim in controversy, but there was no specific finding that these plaintiffs were citizens of the United States.

We think the case falls squarely within the ruling of the supreme court of the United States in *O'Reilly* v. *Campbell*, 116 U. S. 418, 6 Sup. Ct. 421, 29 L. Ed. 669. In this case the supreme court held that where the record fails to show that the question of citizenship of the plaintiffs was raised in the court below it will be considered as waived, and cannot be raised in the appellate court for the first time. The reason given by the court for this holding is that an objection to the want of proof of citizenship of a plaintiff, if taken in the trial court, may usually be met at once with the requisite proof, and that when not made the objection will be deemed to have been waived. To the same effect is the case of *Sherlock* v. *Leighton*, 9 Wyo. 297, 63 Pac. 580, 934.

The case of *Manuel* v. *Wulff*, 152 U. S. 511, 14 Sup. Ct. 651, 38 L. Ed. 532, bears upon this point. This was an adverse case brought by Wulff contesting the right of Manuel to obtain a patent to certain mining ground, in which he asserted right of possession to be in himself. It appeared that Manuel, at the time suit was brought, was not a citizen, but he became such pending the trial and before judgment was entered in the case. The trial court rendered judgment against Manuel upon the ground that he was not a citizen at the time he obtained title to the mining claim in dispute by conveyance from the locators, and at the time the suit was commenced, holding that a conveyance to an alien operated as an abandonment of the claim thus conveyed. The supreme court reversed the case, holding that the incapacity of Manuel, by reason of alienage, to take and hold the mining claim was open to question by the government only, and that, although the objection of the alienage of Manuel was properly made, "this was as in right and on behalf of the government, and naturalization removed the infirmity before judgment was rendered." In this case the original locator of the claim who conveyed to Manuel was a citizen, but in

*McKinley Min. Co.* v. *Alaska Min. Co.*, 183 U. S. 572, 22 Sup. Ct. 87, 46 L. Ed. 331, Mr. Justice McKenna said: "The meaning of *Manuel* v. *Wulff* is that the location by an alien and all the rights following from such location are voidable, not void, and are free from attack by anyone except the government." If the location was not void because of the alienage of the locators, assuming such to have been the case, no distinction is to be made, therefore, between this case and *Manuel* v. *Wulff*, and the substituted plaintiffs would be entitled to the patent of the government, assuming the validity of the location and their citizenship to be established or conceded. As we have said, no question having been made as to the citizenship of the substituted plaintiffs in the court below, so far as the record discloses, therefore the rule laid down by *O'Reilly* v. *Campbell* applies.

The judgment is affirmed.

NAVE, J., concurring.—I do not concur in the opinion of Mr. Justice SLOAN, for the reason that it appears to me that the sufficiency of the evidence to sustain the judgment may be raised under our statutes by a general assignment in the motion for a new trial, and was so raised here. Nevertheless the judgment should be affirmed, irrespective of our view upon the question whether, in an adverse suit, the United States is to be regarded as having such interest that the question of alienage may be raised by or against either party.

Paragraph 1359 of the Civil Code of 1901 reads as follows: "In all cases where equitable relief is prayed for if the party asking for such relief, or his agent or attorney, shall make oath that the allegations of the complaint or cross-complaint are true in substance and in fact, unless the oath be waived in the complaint, the answer of the opposite party shall be under oath and each one of the material allegations of the complaint which is not denied under oath shall be taken as confessed."

The cause before us is in equity, being a suit under our statute to quiet title. *Costello* v. *Muheim*, 9 Ariz. 422, 84 Pac. 906; *Taggart Mercantile Co.* v. *Clack*, 8 Ariz. 295, 71 Pac. 926. The complaint was verified before plaintiff's attorney, a notary public, by one of the plaintiffs, who deposed "that the things therein stated are true of his own knowledge,

except those things stated on information and belief, and as to those things he believes it to be true.'' This oath is substantially equivalent to the oath that the allegations are true ''in substance and in fact''; therefore the complaint is so verified as to put the defendants upon a verified answer. There is no statute or rule of court in this territory which prohibits verification of a pleading before counsel in the case, hence there is no merit in the contention that the verification is a nullity by reason of the fact that it was taken before plaintiffs' attorney. *Reavis* v. *Cowell,* 56 Cal. 588; 2 Cyc. 12. The complaint alleges that the plaintiffs are citizens of the United States. Oath to the answer is not waived. Defendant Hankins in his answer ''denies each and every material allegation in said complaint contained, not hereafter expressly admitted,'' and does not expressly admit the averment of citizenship. The verification of that answer is that its statements are true in substance and in fact; which means that it is true that the defendant denies every unadmitted allegation of the complaint, but does not mean that the denial is true. The purpose of the statute quoted is to place the defendant upon a categorical admission or denial, under oath, of the allegations of the complaint, with a view to reducing to as narrow a scope as possible the disputes of fact. A denial is a declaration that the statement made is untrue; it is a traverse of the statement of the opposite party; to deny is to declare to be untrue. A denial is not under oath when the verification is merely as to the truth of the fact of the denial, and not as to the truth of the denial itself. We do not imply that the word ''deny'' may not be used in the traverse; we criticise the use of the general denial in such a suit, and condemn the sufficiency of the verification. If the general denial is to be used, it must be supported by a verification to the effect not merely that the answer (the mere general denial) has been read and is true, but that the complaint has been read, and that its allegations, all and singular, are untrue. If the traverse is by use of the word ''deny'' instead of by the categorical averment that such and so are not true, the verification must assert that the matters denied are untrue in fact. Otherwise the verification is an evasion and a futile form, and could not in any event be made the basis of a perjury charge, thus falling short of the fundamental requisite of every affidavit.

The plaintiff would be put upon proof of his allegations as fully as if the complaint were not verified, even though their truth is within the knowledge of the defendant, to the complete evasion of and defeat of the purpose of the statute. Defendant Riley does not attempt to deny the averment of citizenship, either generally or specifically. Therefore the averment by the plaintiffs of their citizenship stands as admitted by the answers.

For these reasons, I concur in the judgment of affirmance.

KENT, C. J.—I concur in the opinion of Mr. Justice NAVE.

CAMPBELL, J.—I concur in the reasoning expressed in the opinions of both Mr. Justice SLOAN and Mr. Justice NAVE, except in so far as the latter dissents from the former.