[Civil No. 2029.  Filed March 24, 1924.]

[224 Pac. 284.]

RUTH MULFORD OLLASON, Appellant, v. C. B. GLASSCOCK and J. M. POLHAMUS, as Sheriff of Yuma County, State of Arizona, Appellees.

1. APPEAL AND ERROR — ASSIGNMENTS OF ERROR NOT SUFFICIENTLY SPECIFIC NOT CONSIDERED.—Assignments of error which are not sufficiently specific to enable the court to determine the ground on which they are predicated without reference to the agreement relative thereto will not be considered.

2. APPEAL AND ERROR—TRIAL COURT'S OPINION NOT PART OF RECORD AND NOT APPEALABLE ORDER. — Under the statute relating to appeals, an opinion of the trial court incorporated in the record is not properly a part of the record on appeal, and is in no sense an order from which an appeal will lie.

3. APPEAL AND ERROR—ORDER FOR JUDGMENT IN TRIAL COURT'S OPINION, AND NOT REASONS THEREFOR, HELD REVIEWABLE.—Even if an order for judgment which was embodied in trial court's opinion incorporated in the record was the only order for judgment in the record, only the order itself would be reviewable by the Supreme Court, and the reasons therefor advanced by the trial court in its opinion are surplusage, where. opinion shows on its face that it was not intended as a finding of fact.

---

1. See 2 R. C. L. 161.
2. See 2 R. C. L. 129.

4. Appeal and Error—Presumed Court's Conclusions Sufficient to Support Judgment in Absence of Findings.—In the absence of written findings of fact it will be presumed that the conclusions of the trial court on every necessary issue of fact would support its judgment.

5. Pleading — Effect of Affirmative Allegations Contradicting Allegations in Complaint Stated. — Affirmative allegations of an answer diametrically opposed to allegations in the complaint deny all the material allegations in the complaint as effectively as if they had been specifically denied, and a defective verification of such answer does not entitle plaintiff to judgment on the pleadings.

6. Appeal and Error — Refusal to Strike Incompetent Evidence on Trial Before Court Without Jury, if Error, Harmless.— In an action before the court without a jury, the court's refusal to strike incompetent evidence, if error, was harmless, unless the judgment was based in part thereon.

7. Appeal and Error—Presumed Trial Court Ignored Incompetent Evidence and Conclusions of Pleader.—It is presumed, in the absence of a written finding of fact, that the trial court ignored incompetent evidence and the legal conclusions of the pleader, which is neither evidence nor the basis for competent evidence.

8. Evidence—Declarations as Part of Res Gestae Which are Exceptions to Rule Against Declarations of Grantor Disparaging Title Stated.—Declarations admissible as part of the *res gestae* as exceptions to the general rule that declarations by grantor subsequent to conveyance disparaging grantee's title are inadmissible are: (1) Where evidence first establishes a continuing conspiracy to defraud between grantor and grantee; (2) Where the declarations are made in grantee's presence and are not dissented from by him; (3) where grantor remains in possession after the transfer.

9. Trial—Court Determines Facts, Law and Credibility of Witness on Trial Without Jury. — Where a case is tried to the court without a jury, the trial court determines all questions of fact as well as of law and the credibility of witnesses.

10. Fraudulent Conveyances—Evidence Held Sufficient to Warrant Finding of Conspiracy to Defraud.—In an action to set

4.　See 15 R. C. L. 877.

6.　See 2 R. C. L. 247, 252.

8.　Declarations of former owner of land as evidence against successor in interest, see note in 134 Am. St. Rep. 610. See, also, 1 R. C. L. 525.

9.　See 26 R. C. L. 1087; 28 R. C. L. 449.

aside an alleged fraudulent conveyance, evidence *held* sufficient to warrant a finding of conspiracy to defraud grantor's creditors.

11. EVIDENCE — GRANTOR'S PRIOR DECLARATIONS ADMISSIBLE AGAINST HIM TO SHOW FRAUDULENT INTENT.—Grantor's prior declarations are always admissible against him to show fraudulent intent at the time of the conveyance, and the remoteness of the declarations goes only to the weight to be given to them.

12. FRAUDULENT CONVEYANCES—BURDEN ON ONE ATTACKING CONVEYANCE TO PROVE FRAUD BY CLEAR EVIDENCE.—The burden is on one who attacks the validity of a conveyance as being in fraud of creditors to prove, by clear and satisfactory evidence, sufficient to satisfy the minds and conscience of the jury or of the court, that the conveyance so assailed is fraudulent as to him, by direct proof of the fraud or by proof of facts and circumstances from which the fraud might reasonably be inferred.

13. FRAUDULENT CONVEYANCES — CREDITOR ENTITLED TO SUE TO SET ASIDE CONVEYANCE, REGARDLESS OF AMOUNT OF DEBT.—Creditor of grantor is entitled to sue to set aside a conveyance as a fraud against creditors, regardless of the amount due such creditor at time of conveyance.

14. FRAUDULENT CONVEYANCES—INTERNAL REVENUE STAMP ON DEED CIRCUMSTANCE CONSIDERED IN DETERMINING CONSIDERATION. — Though an internal revenue stamp has little probative value as to the true consideration, it is a circumstance to be considered.

15. FRAUDULENT CONVEYANCES — CONFLICT IN GRANTEE'S TESTIMONY HELD TO RELIEVE CREDITOR FROM PRODUCING FURTHER EVIDENCE. In an action to set aside a conveyance as a fraud on creditors, irreconcilable conflict in grantee's testimony as respects the consideration paid and her failure to even attempt to reconcile it, in view of the burden on her to prove that she paid a valuable consideration, *held* to relieve plaintiff from producing further evidence to show grantee's participation in the fraud, and should be interpreted most strongly against her.

16. APPEAL AND ERROR—JUDGMENT SUPPORTED BY SUBSTANTIAL EVIDENCE NOT DISTURBED.—Findings and judgment on conflicting testimony, supported by substantial evidence, will not be disturbed on appeal, even though the Supreme Court might have come to a different conclusion thereon.

11.   See 12 R. C. L. 675.

12.   See 12 R. C. L. 671.

16.   See 2 R. C. L. 204.

See 3 C. J. 601, 1357; 4 C. J. 102, 103, 776, 778, 884, 886, 1001; 22 C. J. 115, 321, 366, 367; 27 C. J. 472, 787, 798, 804, 813, 821; 31 Cyc. 194, 607; 38 Cyc. 1933, 1945.

APPEAL from a judgment of the Superior Court of the County of Yuma. Fred L. Ingraham, Judge. Affirmed.

### STATEMENT OF FACTS.

On and prior to March 9, 1920, one W. L. Mulford and Alice Mulford, his wife, were the owners of certain real property located in Yuma county, Arizona, and more particularly described as lots 4 and 5, block 5, Williams Second Addition to the town site of Somerton, in said county and state. On said date these parties conveyed the above-described property by warranty deed to one M. E. Burke, appellant's grantor, the said M. E. Burke being a sister of Mrs. Mulford, and residing in the Mulford home "off and on" during the six years immediately preceding the transfer.

At the time of the conveyance Mulford was indebted to a lumber company in Somerton in approximately the sum of four hundred and fifty or five hundred dollars ($450.00 or $500.00), and was under contractual obligation with the appellee C. B. Glasscock to construct certain buildings for Glasscock in Somerton, at which time Mulford was in default, and had been since August 1, 1919; the evidence disclosing that Glasscock had made demands upon Mulford "over one hundred times" during the interim to complete the building according to contract. As to whether or not Mulford was further involved financially at the time of the conveyance is not altogether clear.

The property conveyed by Mulford to Burke, above described, was all the property owned by Mulford at the date of the conveyance.

On January 5, 1920, prior to the conveyance, Mulford and wife executed and delivered to M. E. Burke a writing, unacknowledged, purporting to assign their

interest in the property described to Mrs. Burke, and upon January 7, 1920, Mrs. Burke gave to W. L. Mulford a power of attorney in writing, empowering Mulford, among other things, "to make all contracts, and do all other acts of a business nature relating to my interest in real and personal property as effectually as I could do myself if personally present, with power of substitution and revocation, etc.," said power of attorney being subscribed and sworn to by Mrs. Burke before a notary public on the date of its execution, and on June 21, 1920, there was placed upon said power of attorney an internal revenue stamp, and upon July 28, 1920, a jurat of a notary public of Los Angeles was affixed to the same. The deed of conveyance recited a consideration of $10, and bore a fifty cent canceled internal revenue stamp.

Subsequent to March 9, 1920, and on, to wit, June 12, 1920, C. B. Glasscock, one of the defendants herein, instituted suit against the said W. L. Mulford upon the contract hereinbefore referred to, and upon January 24, 1921, recovered judgment by default against Mulford, in the sum of two thousand eight hundred and one dollars ($2,801.00). A writ of attachment issued against the property June 17, 1920, but, for some reason unexplained, the attachment lien was not foreclosed, and thereafter, upon the twenty-seventh day of January, 1921, a writ of execution and order of sale issued against said property above described, and upon January 29, 1921, J. M. Polhamus, then sheriff of Yuma county, noticed said property for sale for February 23, 1921, in accordance with the provisions of law relating thereto.

Subsequent to May, 1920, W. L. Mulford and Mrs. Burke resided in California.

The rentals derived from the property in question were paid direct to Mrs. Mulford until June, 1920, when she also removed to California, and from June

until November, 1920, the rentals were placed to the credit of Mrs. Mulford in the bank at Somerton.

Messrs. Robertson & Lindeman and Mr. R. N. Campbell, for Appellant.

Mr. K. F. Miller Hinds and Mr. W. H. Westover, for Appellees.

PHELPS, Superior Judge (After Stating the Facts as Above).—This action was instituted by Mrs. Burke, appellant's grantor herein, to enjoin the sale of the property in question by the sheriff of Yuma county upon the order of sale hereinbefore mentioned, and to adjudge title to said property to be in appellant's grantor, and that defendant Glasscock be decreed to have no interest therein by reason of his said writ of attachment or execution. The defense interposed by defendants is to the effect that the transfer of the property in question from Mulford to Burke was made with the intent to delay, hinder or defraud creditors; that Glasscock was a creditor of Mulford upon the date of the transfer; and that said conveyance was, under the laws of this state, void as to him. Appellant's grantor filed her reply, and issue was joined upon these questions which in the last analysis were the only questions to be determined by the trial court; that is, to wit, first, was the conveyance in question fraudulent and void as to creditors? and, second, was Glasscock a creditor of Mulford on the date of the conveyance?

The cause was tried to the court without a jury, and judgment rendered for appellee, from which an appeal has been taken to this court.

Appellant has presented for the consideration of the court twenty-seven assignments of error, and urged that each constitutes reversible error. Many of the assignments are not sufficiently specific in character to enable the court to determine the ground

upon which they are predicated without reference to the argument relative thereto, and therefore will not be considered by the court. *County of Pinal* v. *Heiner,* 24 Ariz. 346, 209 Pac. 714, and cases therein cited.

Assignments 4, 5, 6, 13, 14, 16, 17, 18, 19, 21, 22 and 23 are predicated upon the expressions of the trial court in its written opinion incorporated in the record.

It is clear from reading the statute relating to appeals that such opinion does not properly constitute any part of the record on appeal, and is in no sense an order from which an appeal will lie. The mere fact that the opinion contains an order for judgment is immaterial, in that the records disclose that the order for judgment was in fact entered by the clerk on the minutes of the court on the date such opinion was filed, and appears in the record. Even, however, if the order for judgment embodied in the opinion were the only order for judgment appearing in the record, only the order itself would be reviewable by this court, and the reasons advanced by the court as disclosed by the opinion would be necessarily treated as surplusage, in view of the fact that the opinion shows upon its face that it is not intended as a finding of fact. In the absence of written findings of fact it will be presumed that the conclusions of the trial court on every necessary issue of fact were such as would support its judgment. *Blackford* v. *Neaves,* 23 Ariz. 501, 205 Pac. 587.

It is urged that the verification of the defendant's answer is defective, and under the rule laid down in *Hankins* v. *Helms,* 12 Ariz. 178, 100 Pac. 460, plaintiff was entitled to judgment on the pleadings. We do not think the rule therein enunciated is applicable, where the answer, as in this case, contains affirmative allegations diametrically opposed to the allegations contained in the complaint. Such affirma-

tive allegations as effectually and effectively deny all the material allegations of the complaint as if they had been specifically denied* in express language. Had the answer consisted of express denials of the allegations of the complaint, then the rule laid down in the case of *Hankins* v. *Helms, supra,* would apply.

It is claimed in assignments 2 and 3 that the trial court erred in refusing to strike certain portions of paragraphs 2 and 3 of the answer. We cannot agree with counsel that the allegations complained of in paragraph 3 constitute a legal conclusion, and, even if it were true, the cause having been tried to the court without a jury, the refusal of the court to strike it, if error, would be harmless, unless the records disclose that the judgment of the court was in part based thereupon. It is presumed in the absence of a written finding of fact that the trial court ignored incompetent evidence. *Wamble* v. *Evants,* 23 Ariz. 307, 203 Pac. 554. And the presumption necessarily follows that the court ignored the legal conclusion of the pleader, if such did appear, which is neither evidence nor the basis for competent evidence.

Under no circumstances would the trial court have been justified in striking that portion of paragraph 2 of the answer of which appellant complains. It is, true that the general rule relative to the declarations of a grantor, subsequent to conveyance disparaging the title of his grantee, are inadmissible, but there are well-established exceptions to that rule which entitle defendant to embody in his pleadings allegations upon which evidence falling within these exceptions might be predicated, and is, under the exceptions, admissible.

The exceptions to the general rule relative to subsequent declarations of the grantor rendering them admissible are equally as well established as the rule itself, and are as follows: (1) Where the evidence first established a continuing conspiracy to defraud

between the grantor and the grantee.    (2) Where the declarations are made in the presence of the grantee and not dissented from by him.    (3) Where the grantor remains in possession after the transfer. 41 L. R. A. (N. S.) note, 21 et seq.; 12 R. C. L. 676, section 180.

Evidence falling within the above exceptions is admitted upon the theory that such declarations are a part of the *res gestae.*

The case having been tried to the court without a jury, it was the province of the court to determine all questions of fact as well as of law, and to judge of the credibility of the witnesses.    Therefore, if from the evidence adduced at the trial other than, and independent of, the subsequent declarations of the grantor, the trial court reasonably found the existence of a continuing conspiracy between the grantor and the grantee to defraud, or, if it reasonably found from such evidence the retention by the grantor of the possession of the property conveyed in contravention of the terms of the conveyance, or if the declarations were made in the presence of the grantee and not dissented from by her, the subsequent declarations of the grantee were properly admitted, otherwise the position of the appellant is well taken, unless the judgment of the trial court could be sustained from the other evidence in the case independent of such subsequent declarations.

There is no evidence that the declarations complained of were made in the presence of the grantee, but we think the record discloses facts and circumstances sufficient to warrant the court in finding a conspiracy to defraud, independent of the subsequent declarations of the grantor, and, having made such finding, properly admitted such subsequent declarations.

The prior declarations of a grantor are always admissible against him to show fraudulent intent at

the time of the conveyance, and the remoteness of the declaration goes only to the weight to be given to it in arriving at the existence or nonexistence of fraudulent intent of the grantor at the date of the conveyance and does not in anywise affect its admissibility as evidence.

It is incumbent upon one who attacks the validity of a conveyance of this character as being in fraud of his creditors to prove by clear and satisfactory evidence that the conveyance so assailed is in reality void and fraudulent as to him. He is required to do this by direct proof of the fraud, or by proof of facts and circumstances from which the fraud might reasonably be inferred, and in this he assumes the burden of proof. *Kingsbury* v. *Christy,* 21 Ariz. 559, 192 Pac. 1114.

But the proof necessary in a case of this kind is only proof sufficient to satisfy the mind or conscience, and produce a satisfactory conviction or belief in the mind of the court or jury. *Harding* v. *Long,* 103 N. C. 1, 14 Am. St. Rep. 775, 9 S. E. 445.

While there is a conflict of authority upon the question of the burden of proof in cases of this kind, the weight of authority seems to be that, where such creditor attacks the conveyance as in fraud of his rights, it is incumbent upon him to first show the fraudulent intent of the vendor, unless the conveyance was made under circumstances where proof of actual intent is not required, as under our statutes, chapter 131, section 4, Session Laws 1919, in case of insolvency of the grantor actual intent need not be proven. The intent having been shown, the burden then shifts to the purchaser to show a valuable consideration; that is, the duty then devolves upon the purchaser at some stage of the trial to show a valuable consideration for the purchase in order to meet the *prima facie* case made by such creditor by showing the fraudulent intent of the grantor. Valuable

consideration being shown, the burden is again upon the one attacking the conveyance to show the grantee's knowledge of the fraudulent intent on the part of the grantor, and the grantee's participation in the fraud. 10 R. C. L. 897, § 45; *Hart* v. *Church,* 126 Cal. 471, 77 Am. St. Rep. 195, 58 Pac. 910, 59 Pac. 296; *Mason* v. *Perkins,* 180 Mo. 702, 103 Am. St. Rep. 591, 79 S. W. 683, and numerous other authorities.

The evidence clearly discloses: (1) That the conveyance was made by Mulford and wife to Mrs. Burke on March 9, 1920. (2) That upon said date Mulford was indebted both to appellee Glasscock and to the lumber company in Somerton. (3) That Mulford had no other property of any character in Arizona at the time. (4) That Mrs. Burke was his sister-in-law, and had lived in his home a great deal of the time during the six years immediately preceding the conveyance. (5) That the rentals of the property were paid to Alice Mulford, wife of W. L. Mulford, at least until November, 1920. (6) That the power of attorney given by Mrs. Burke to Mulford, dated January 7th, had placed upon it on June 21, 1920, an internal revenue stamp, duly canceled, and that the jurat of a notary public located in Los Angeles was placed upon such power of attorney on July 28, 1920, notwithstanding that Mrs. Burke testified that such power of attorney was to have been revoked in May, 1920. (7) That the deed of conveyance showed a consideration of $10 and bore a fifty cent canceled internal revenue stamp.

The amount of Mulford's indebtedness to Glasscock upon the date of the conveyance cannot be definitely determined from the evidence, inasmuch as the judgment thereafter recovered is only conclusive of the amount of the indebtedness on the date of its rendition, but that Glasscock was a creditor of Mulford on the date of the conveyance there can be

no question, and being a creditor he was entitled to prosecute this action.

While it may be true that an internal revenue stamp upon an instrument of this character has but little probative value as to the true consideration, we do think it is a circumstance, in this case corroborative of Mrs. Burke's testimony to the effect that she paid Mulford $500 for said property, ''and no more,'' which, if true, is grossly disproportionate to its true value.

In view of the hopelessly irreconcilable conflict in the testimony of appellant's grantor, Mrs. Burke, with reference to the actual consideration paid by her for the property involved, as disclosed by her cross-examination, and the burden being upon her to show that she in truth paid a valuable consideration for such property, her failure to do so, or to even attempt a reconciliation of her testimony, relieved the appellee from producing further evidence tending to show her participation in the fraud.

The above suspicious circumstances, together with many others not herein mentioned, are in fact badges of fraud overhanging the transaction, and the explanation thereof was exclusively within the power of appellant's grantor. Her failure, therefore, to produce the testimony that, if believed, would relieve all uncertainty as to the true character of the transaction, requires the law to put an interpretation upon the same most unfavorable to her. *Helms* v. *Green,* 105 N. C. 251, 18 Am. St. Rep. 893, 11 S. E. 470.

The trial court unquestionably inferred from these facts and circumstances a fraudulent intent upon the part of the grantor and a participation therein by the grantee.

This court has uniformly held, where the findings and judgment of the lower court are based upon conflicting testimony, and there being substantial

evidence to support them, they will not be disturbed on appeal. *De Mund Lumber Co.* v. *Stilwell,* 8 Ariz. 1, 68 Pac. 543; *Gila Land etc. Co.* v. *Eads,* 23 Ariz. 282, 203 Pac. 549. And this is true, even though the Supreme Court might have come to a different conclusion upon reading the record. *Leeker* v. *Leeker,* 23 Ariz. 170, 202 Pac. 397.

We are, however, of the opinion that the judgment of the trial court is amply supported by the evidence, and will therefore be affirmed.

ROSS, and LYMAN, JJ., concur.