[Civil No. 2869.  Filed March 24, 1930.]

[286 Pac. 191.]

## CITY OF PHOENIX, a Municipal Corporation, Appellant, v. COIT I. HUGHES, Appellee.

400

Mr. Henry J. Sullivan, Mr. Austin O'Brien and Mr. William C. Eliot, for Appellant.

Mr. John W. Ray and Mr. J. C. Niles for Appellee.

Messrs. Kibbey, Bennett, Gust, Smith & Lyman, *Amicus Curiae.*

ROSS, J.—This is an action to quiet title. The plaintiff Hughes shows by his complaint that on September 4th, 1928, the treasurer of the city of Phoenix offered for sale and sold lots 6 and 7, in block 14 East Evergreen Addition to the city, for default by the owner in the payment of installments due upon street improvements theretofore charged against said lots for paving and improving Fifth Street of said city, and that he became the purchaser at said sale and received from such officer a certificate of sale of such lots; that subsequent to the making of such improvements and the levying of special assessments thereon, the city took steps to improve and did improve Culver Street, including in the improvement district said lots six and seven, and to pay for improvements so made on Culver Street levied an assessment amounting to $502.26 against lot six, and $695.13 against lot seven, and issued and sold improvement bonds to cover assessment to some person or persons unknown to plaintiff; that forty per cent of such bonds had

been paid, leaving a balance against lot six of $301.36, and against lot seven of $395.48. It is alleged that the defendant threatened to sell, or offer for sale, said lots to satisfy the "second claimed lien" and thereby deprive plaintiff of his purchase and his property without due process of law, and cast a cloud on his right and title. It is alleged that defendant city, by reason of the first improvement and sale thereunder to plaintiff, is estopped from making the second sale of said lots to pay for the Culver Street improvement.

Plaintiff, upon the above facts, asked for judgment quieting his title as against the defendant and all others claiming title or any interest in said lots under or by virtue of any improvement lien, subsequent to the lien under which he purchased. To this complaint, defendant filed a general demurrer. The demurrer was overruled, and the defendant electing to stand thereon, the court rendered judgment quieting plaintiff's title as prayed for.

The question on appeal is as to whether the complaint stated a good cause of action. We think it shows on its face quite conclusively that plaintiff has no cause of action. The improvement and sale under which he claims were made under the Improvement Act of 1912. Chapter 13, title 7, Civ. Code 1913. Paragraph 1973 thereof authorizes the city treasurer to sell the property improved thereunder when the owner defaults in making payment on the assessment against it for improvements. Subdivision (f) of said paragraph reads:

"Immediately on the sale, the purchaser shall become vested with a lien on the property, so sold to him, to the extent of his bid, and is only divested of such lien by the payment to the city treasurer of the purchase money, including costs herein provided for, with interest thereon at the rate of one per centum per month from the date of sale."

Subdivision (g) provides for redemption as follows:

"A redemption of the property sold may be made by the owner of the property, or any party in interest, within twelve months from the date of purchase, or at any time prior to the application for a deed, as hereinafter provided."

And subdivision (i) provides that the city treasurer must make to the purchaser, or his assignee, a deed to the property upon application any time after the period of redemption has expired, but preserves the right of redemption until thirty days after the purchaser or his assignee has served upon the owner, or his agent, if named in the certificate, and upon the occupant of the property, if occupied, a written notice stating certain things therein enumerated, also the time redemption expires, and when the purchaser will apply for his deed. If property is unoccupied, a like notice must be posted thereon.

The complaint fails to show that plaintiff had been given a deed to the lots or that he had taken any of these steps necessary to obtain a deed. His complaint shows he is only "vested with a lien on the property . . . to the extent of his bid." The title thereto remains in the owner, and will continue to remain in the owner until the period of redemption is cut off by valid deed to the purchaser. The interest plaintiff acquired is not, as he contends, that of a purchaser at an execution sale. In both cases, the purchaser's interest in the property is governed or determined by the statute through which he acquires it. In execution sales of real property "the purchaser is substituted to and acquires all the right, title and interest and claim of the judgment debtor thereto." Paragraph 1373, Civ. Code 1913. By a sale under the Improvement Act he obtains a lien only. The authorities cited by plaintiff, to the effect that the title obtained by a purchaser at an execution

sale is sufficient upon which to base an action to quiet title, are not in point.

The improvement bonds sold by the City of Phoenix to cover the cost of the improvement of Culver Street were issued under the provisions of chapter 144, Laws of 1919, a supplemental act to the General Improvement Act, chapter 13, title 7, *supra.* In section 4 of chapter 144 it is provided:

"That the special assessments out of which said bonds are to be paid are first liens on the property assessed, subject only to the lien for general taxes and prior special assessments."

The holders of bonds issued to cover the Culver Street improvement have a lien on lots six and seven inferior to plaintiff's lien, unless the legislative body of the City of Phoenix was without jurisdiction to make the improvements on Culver Street. We have been cited to no authority indicating that there was a lack of jurisdiction in the city to order or make such improvement. It is well settled that "land may be included in several assessment districts and part of the land included in one district may be included in another, provided it receives benefits from them all." 44 C. J. 563, § 2945. There is no suggestion that lots six and seven were not benefited by the improvement on Culver Street.

We have, then, two holders of liens against this property, the senior of which is asking the court to declare that the City of Phoenix is estopped from enforcing the collection of the junior lien, and to quiet his title to the property as against the city and the junior lienholders.

Both liens have the same origin, and are made a charge against the property because the property is benefited by both improvements. If the plaintiff succeeds in becoming the owner, or if the present owner remains such, the benefits by reason of the im-

provement of Culver Street will accrue to him. The suit to quiet title is one of equitable cognizance (*Hankins* v. *Helms,* 12 Ariz. 104, 95 Pac. 1133; Id., 12 Ariz. 178, 100 Pac. 460), and when persons resort to it, their cause must present some equities. They must not only show that the interest they seek to cancel is adverse to theirs, but that it would be inequitable to let it stand. Measured by the rules or principles of equity, plaintiff is certainly lost. Instead of offering to do equity, he is seeking, through the aid of the courts, to get something for nothing. To accomplish this purpose, he invokes the equitable doctrine of estoppel. He says that because the city made the Fifth Street improvement, and sold the property to him to satisfy the special assessment lien placed thereon, it was estopped, not to make the Culver Street improvement, but to enforce the lien for said improvement. Under the facts disclosed by his pleadings, he is in no position to claim estoppel. When he bought the lien under which he makes his claim, he was aware of the improvement on Culver Street and that the special assessment therefor had not been paid. He purchased his lien with full knowledge of all the facts.

Section 4356 of the Revised Code of 1928 provides that anyone having or claiming an interest in real property may have such interest quieted as against any person who claims any interest or estate adverse to him. Whether plaintiff's interest places him among those who may maintain the action to quiet title is indeed very doubtful. The courts, in construing like statutes, have concluded that mortgagees, judgment lienholders and attachment lienholders, whose liens it must be confessed are similar to the liens we are considering, under certain circumstances are entitled to maintain the suit to remove clouds or to quiet title, but in all such cases "the action must be one for the protection of the lien or to aid in its

ultimate enforcement." *Chesney* v. *Valley Live Stock Co.*, 34 Wyo. 378, 44 A. L. R. 1255, 244 Pac. 216, 221. The present action is not for either of such purposes. The Culver Street lien is inferior and subsequent to plaintiff's lien, made so by statute. The action is not prosecuted to aid plaintiff in the enforcement of his lien. The statute points out how he may realize thereon. If the owner redeems, he must pay to plaintiff the purchase price, costs and interest; if he does not redeem, the plaintiff may obtain a deed to the premises by taking the prescribed steps in the prescribed manner. The Culver Street lien is no impediment to plaintiff's exercising his statutory rights. The suit could have for its accomplishment no other purpose than to foreclose the collection of the Culver Street special assessment by cutting off the right of redemption of any purchaser thereunder, if he have such right. But that is another question, and can be decided only when it is properly brought before us.

The complaint states no cause of action, and the court erred in not sustaining the demurrer.

The judgment is reversed and the cause remanded, with directions that the complaint be dismissed for insufficient facts, to entitle plaintiff to equitable or any relief.

LOCKWOOD, C. J., and McALISTER, J., concur.