[Civil No. 4033. Filed January 3, 1939.]

[85 Pac. (2d) 989.]

ERA B. LEGGETT, as Administratrix With the Will Annexed of the Estate of JOHN E. LEGGETT, Deceased, Appellant, v. H. A. WARDENBURG, Appellee.

Mr. George F. Macdonald and Mr. A. S. Gibbons, for Appellant.

Messrs. Misbaugh & Fickett, for Appellee.

LOCKWOOD, J.—This is a petition by H. A. Wardenburg, hereinafter called petitioner, against Era B. Leggett, as administratrix with the will annexed of the estate of John E. Leggett, deceased, hereinafter called defendant, requesting the superior court of Pima county to fix an attorney's fee in said estate under the provisions of section 4049, Revised Code 1928. The matter was heard before the court at great length, and the following judgment was rendered:

"It is therefore ordered, adjudged and decreed that H. A. Wardenburg do have and recover of and from Era B. Leggett, administratrix with the will annexed of the estate of John E. Leggett, deceased, the sum of Fifty-four Hundred ($5400.00) Dollars as and for attorney's fees for services rendered in said estate and that the said Administratrix shall forthwith pay said sum to the said H. A. Wardenburg," whereupon this appeal was taken.

There are nine assignments of error set forth under six propositions of law, which we shall consider as seems advisable.

The first objection is that the judgment upon its face is against the administratrix personally and that it cannot be determined whether it directs the payment of the sum therein set forth to be made out of her personal funds or out of the assets of the estate.

It may well be that the judgment might have set this forth more explicitly, but in view of the record there can be no possible question that it is against the defendant in her official capacity as administratrix, and not against her personally. Before the amendment of section 4049, *supra,* we held that so-called attorney's

fees in an estate were merely expenses incurred by the administrator or executor on his personal responsibility, and that he might be credited in his accounts with the estate for a reasonable sum for that purpose, to be approved by the court, but that the attorney had no claim against the estate itself. Doubtless as a result of this decision, the statute was modified so as to provide for a hearing of this kind, in which the attorney might apply directly to the court for the allowance of a reasonable fee, and that the payment should be made from the funds of the estate. The whole record in the present case shows that this was the proceeding followed, and there is no question but that the judgment is against the administratrix in her official capacity, and is to be paid from the assets of the estate, and not otherwise. We think the form of the judgment is not such that it requires a reversal.

██ The second objection is that an order directing the payment of an attorney's fee must be reasonable and bear a direct relation to the amount involved, and the quality, kind and extent of the service rendered. This is, of course, true as an abstract proposition, and applied to the present case requires us to consider whether there is sufficient evidence in the record to justify the fee found due by the trial court. The testimony on all these points was greatly in conflict, so in determining the ultimate facts we are, of course, bound to assume that the court found all the facts necessary to support its judgment. *Blackford* v. *Neaves,* 23 Ariz. 501, 205 Pac. 587; *Ollason* v. *Glasscock,* 26 Ariz. 193, 224 Pac. 284; *DeMund Lumber Co.* v. *Franke,* 40 Ariz. 461, 14 Pac. (2d) 256; *Concrete Mach. & Sup. Co.* v. *Waara,* 42 Ariz. 512, 27 Pac. (2d) 682. And if sufficient evidence appears in the record to support these presumed findings, we must sustain them. *Warren* v. *Mosher,* 31 Ariz. 33, 250 Pac. 354,

49 A. L. R. 1311. ·The material facts of the case may, therefore, be stated as follows:

John E. Leggett was married to defendant in January, 1935, he then being a man well over eighty years of age, and she being many years younger. In that month Leggett made a will, whereby he left all of his estate, with the exception of a small legacy to another party, to defendant herein. In April of the same year he executed various conveyances disposing of all of his assets of every nature, except a very small amount of personal property, in favor of defendant, and shortly thereafter died. Just before Leggett's death he had been served with summons in a complaint seeking to recover the sum of $5,500, on account of legal services rendered by an attorney named Netherlin, and petitioner, who was a duly licensed and practicing attorney, was employed by defendant to advise her in the conduct of the affairs of the estate in all respects. He succeeded in settling the Netherlin matter for a comparatively small amount. When the will was offered for probate, a contest was filed against it which set up a prior will which left almost all of the property to parties other than defendant. The grounds of the contest were that the will of January, 1935, was not duly executed as provided by law; that the testator was incapable by reason of insanity and unsoundness of mind, and that defendant had practiced fraud, undue influence and duress upon Leggett to get him to make the will. The contest finally came before a jury, and its trial occupied a period of about eleven days, the jury finding in favor of the contestee, and sustaining the will of January, 1935. A number of other matters affecting the estate and involving the expenditure of considerable time and legal ability were also conducted by petitioner. Defendant paid him from time to time various sums for his services, amounting all told to

$2,750, but differences arising between them, she discharged petitioner from further acting as attorney for the estate, and he filed this petition.

In reviewing the actions of the trial court and its judgment, we must, of course, consider the case on the theory upon which it was tried in the lower court. *Tevis* v. *Ryan,* 13 Ariz. 120, 108 Pac. 461; *Packard Phoenix Motor Co.* v. *McRuer,* 41 Ariz. 450, 19 Pac. (2d) 332. Without going into details, the entire record shows that it was assumed, for the purpose of this trial at least, by both petitioner and defendant that the entire estate of John' E. Leggett, as it existed in January, 1935, was subject to the will of that date, and was to be distributed in accordance therewith, disregarding the conveyances of April, 1935. This is shown by the fact that while defendant had first filed an inventory and appraisement in the estate showing a valuation of a little over a thousand dollars, and covering a few small items of personal property only, during the hearing of the petition she filed a supplemental or amended inventory which assumed that the entire property of which Leggett was possessed belonged to his estate, and not to defendant in her individual capacity by reason of the conveyances of April, 1935. In considering, therefore, the amount involved, we think that defendant may not, in this court, contend that it did not include all of the property owned by Leggett at the time the will was made. Her inventory showed it to have a valuation of about $40,000. Petitioner claimed, and his claim was supported by competent evidence, that it was worth about $75,000. The trial court adopted this latter view, and we cannot say its decision was not supported by the evidence. We have, therefore, an estate involved worth approximately $75,000. The will of January, 1935, left practically all of it to defendant, but this will

was contested, and the contestants set up a prior will which would have entirely defeated the claim of defendant to the estate. It was absolutely necessary, in order to establish her interest therein, that the contest should be defeated, and this was done after a long and arduous trial and in the face of evidence which might well have caused the trial court and jury to find against the later will. Such services cannot be considered as trivial in their nature, nor of little value to the estate.

It was urged on oral argument that this contest in probate was a minor matter, for the reason that the defendant in her individual capacity took all of the property anyhow under the conveyance of April, 1935, and it made little difference to her whether the will contest succeeded or not. We cannot agree with this contention. The will was contested on the ground, among other things, of the incapacity of the testator. If it had been found that in January, 1935, he was incapable of making a will, it is not very likely that she could have sustained the conveyances of April, 1935, if they were attacked, as they undoubtedly would have been by the victorious contestants against the will of January, 1935. The usual method of showing the value of services in cases of this kind is by the testimony of expert witnesses, members of the bar of the locality. These witnesses testified on behalf of petitioner, and the fee fixed by the court is amply supported by their testimony.

 The only other matter which we think it necessary to mention is the suggestion that the addition to section 4049, *supra,* which was made in the Code of 1928, and on which the petition was based, is invalid because it is a change in the law and because the code commissioner was not authorized to change, but merely to consolidate, the existing laws by the act which created the commission. This would be of much force

if the Code of 1928 in its final form rested alone upon the authority conferred upon the code commissioner and the act creating the commission. But defendant evidently overlooks the fact that after the code commissioner had completed his labors, the work was taken over by a special committee of both houses of the legislature, revised by them and their efforts presented to the legislature itself in the special session of December, 1928, and by that legislature formally enacted as a Code in the manner provided by the Constitution for general legislation. Under these circumstances, we think it makes no difference what the authority of the code commissioner was, or, indeed, if he had any authority at all, for the validity of the Code of 1928 is based upon the action of the special session of the legislature in December of that year (approved Jan. 5, 1929), and upon nothing else.

We think we need not consider any of the other objections raised as they are not material.

No material error appearing in the record, the judgment of the superior court fixing the petitioner's fee must necessarily be approved. This, of course, is binding only upon defendant in her capacity as administratrix, and is payable only out of the assets of the estate in due course of administration. The validity of the conveyances of April, 1935, has never been adjudicated, and this opinion is not to be taken as a decision of that question.

Judgment affirmed.

ROSS, C. J., and McALISTER, J., concur.