[Civil No. 4452.   Filed March 30, 1942.]

[124 Pac. (2d) 318.]

ARIZONA TRUST COMPANY, a Corporation, as Administrator With the Will Annexed of the Estate of John E. Leggett, Deceased; ED ECHOLS, as Sheriff of Pima County, Arizona, and H. A. WARDENBURG, Appellants, v. ERA B. LEGGETT, Appellee.

Messrs. Misbaugh & Fickett, for Appellants.

Messrs. Cunningham & Carson, for Appellee.

LOCKWOOD, C. J.—This is an action by Era B. Leggett, plaintiff, against Arizona Trust Company, a corporation, as administrator *de bonis non* with the will annexed of the estate of John E. Leggett, deceased, H. A. Wardenburg, and others, defendants, to quiet title to certain real estate in Maricopa and Pima counties.

Defendants answered, alleging that the company was the administrator with the will annexed of the estate of John E. Leggett, deceased, and as such was the owner in fee of all of the real estate described in the complaint, and denied that plaintiff owned the same; further alleged that the plaintiff was not entitled to the relief prayed for, on the ground that the proceeding is an equitable one, and that plaintiff does not come into court with clean hands, nor comply with the maxim that "he who seeks equity must do equity," and various other well-known equitable maxims. The answer then sets forth many facts which it is claimed sustain the defense.

Defendants filed many dilatory pleas and motions, and finally the case was tried to the court without a jury, and judgment was rendered in favor of plaintiff, whereupon this appeal was taken.

The real question is whether, under the well-known principles of equity stated in the answer, the facts show plaintiff was entitled to have her title to the said property quieted. The facts are almost entirely a matter of record, and appear in the case of

*Leggett* v. *Wardenburg,* 53 Ariz. 105, 85 Pac. (2d) 989, as well as in the present case. We take judicial notice of the record in both cases. *Stewart* v. *Phoenix National Bank,* 49 Ariz. 34, 64 Pac. (2d) 101. These facts may be stated as follows:

John E. Leggett and Sadie E. Leggett, his wife, were originally the community owners of the property involved in this proceeding. Sadie E. Leggett predeceased her husband, leaving him all her property, and probate of her estate duly followed. In January, 1935, and while this probate was continuing, John E. Leggett was married to plaintiff herein, he then being a man well over eighty years of age, and she being many years younger. In that month he made a will, whereby he left all of his estate, with the exception of a small legacy to another party, to his then wife, the plaintiff. In April of the same year he executed various conveyances, disposing of nearly all of his assets of every nature, including the real estate involved herein, in favor of plaintiff. He died shortly thereafter, and she was appointed administratrix of his estate. She found herself confronted with this situation: The probate of the estate of Sadie E. Leggett was not yet completed. A contest against the probate of the will of John E. Leggett had been filed, on the grounds that the deceased lacked testamentary capacity at the time of the execution of the will of January, 1935, and that its execution had been obtained by fraud and undue influence on the part of plaintiff. She had two choices before her in order to establish her right to the property, either to attempt to hold it under the will, taking the chance the latter would be held invalid on the ground of the lack of testamentary capacity, or to allow the will to be set aside and claim under the later deeds, which would in all probability be attacked for incompetency on the part of the grantor. If the

testator was found to have lacked capacity in January, it was almost certain he would be found to be incompetent in April. It was, therefore, vitally necessary that she defend the will, and she secured defendant Wardenburg for this purpose. The contest came before a jury and its trial occupied eleven days, the jury finally holding in favor of plaintiff, and sustaining the will. During all of this time it was necessary for Wardenburg to perform many services in behalf of the estate of Leggett, and plaintiff as administratrix was necessarily required to perform the usual duties imposed upon such an office, and did so. During all of the time up to the decision of the will contest, and for sometime thereafter, plaintiff acted continuously and repeatedly on the theory that the real estate here involved was the property of the estate of Leggett. It is unnecessary for us to recite the many things which she did in support of this theory. At sometime after the settlement of the will contest, plaintiff became dissatisfied with the services of Wardenburg and discharged him, and it was after such discharge that she ceased to claim the real estate was part of the Leggett estate and urged that it belonged to her under the conveyances. Wardenburg filed suit against her as administratrix for attorney's fees for his services, and judgment was rendered against her as such administratrix for the sum of $5,400. The matter came to this court on appeal, and we stated:

" . . . Without going into details, the entire record shows that it was assumed, for the purpose of this trial at least, by both petitioner and defendant that the entire estate of John E. Leggett, as it existed in January, 1935, was subject to the will of that date, and was to be distributed in accordance therewith, disregarding the conveyances of April, 1935. This is shown by the fact that while defendant had first filed an inventory and appraisement in the estate showing

a valuation of a little over a thousand dollars, and covering a few small items of personal property only, during the hearing of the petition she filed a supplemental or amended inventory which assumed that the entire property of which Leggett was possessed belonged to his estate, and not to defendant in her individual capacity by reason of the conveyances of April, 1935. In considering, therefore, the amount involved, we think that defendant may not, in this court, contend that it did not include all of the property owned by Leggett at the time the will was made. . . . '' [53 Ariz. 105, 85 Pac. (2d) 990.]

The entire record in both this case and that of *Leggett* v. *Wardenburg, supra,* indicates conclusively that it was the intention and desire of plaintiff at all times to secure the property in question for herself, regardless of what action it was necessary for her to take, or what statements she thought it advisable to make; that for long she thought it safer to proceed on the theory that the property belonged to Leggett's estate, and that it was not until she discovered that if this was true she would be compelled to pay an attorney's fee to defendant Wardenburg, that she decided to contend that the property was hers by virtue of the conveyances in question.

The record shows that one of the trial judges, who sat in the probate proceedings, was so convinced of the lack of equity in plaintiff's handling of the situation that he removed her as administratrix and threatened to commit her for contempt in failing to pay the judgment in *Leggett* v. *Wardenburg, supra,* from the assets of the John E. Leggett estate.

We are satisfied upon the entire record of this, and the case just cited, that plaintiff is in no position to ask a court of equity to quiet title to the property involved, so that she may avoid the payment of a just judgment from what she has contended previously to be the property of the estate of John E. Leggett.

The judgment of the trial court is reversed and the case remanded with instructions to dismiss the action.

McALISTER and ROSS, JJ., concur.