317 P.2d 534

**DONS CLUB, an Arizona Corporation,
Appellant,**

v.

**Jack F. ANDERSON and Beverly Anderson,
husband and wife, and Phyllis C. Morrison,
formerly Phyllis C. Anderson, Appellees.**

No. 6371.

Supreme Court of Arizona.

Nov. 5, 1957.

Gibbons, Kinney & Tipton, Phoenix, for
appellant.

Laney & Laney, Phoenix, Terrence A. Carson, Phoenix, of counsel, for appellees.

JOHNSON, Justice.

This is an appeal by the appellant-defendant from a judgment entered on the motion of appellees-plaintiffs for judgment on the pleadings, upon the grounds that (1) defendant's answer does not state a legal defense, or any defense at all, to plaintiffs' amended complaint, and (2) that the defendant, by its answer, admits and confesses the allegations of the amended complaint to be true.

For an understanding of the pleadings, the pertinent part of the amended complaint and the averments in the answer are set forth:

*Amended Complaint*

"III.

"That the plaintiffs are credibly informed and believe that the defendant Dons Club makes some claim adverse to the plaintiffs in or to said premises, or some part thereof; but that in truth the defendant has no right, title, claim or interest in or to said premises, or any part thereof."

"IV.

"The plaintiffs further state on information and belief that any and all claims which the defendant makes, or may make, to said premises adverse to the plaintiffs are predicated upon that certain document entitled 'Grant of Easement', recorded in the office of the County Recorder of Pinal County, Arizona, on April 12, 1938, under Fee No. 63341, by which George Curtis and Aurora V. Curtis, his wife, granted to said defendant, subject to the conditions hereinafter alleged, the right, authority and easement to erect and maintain a monument and marker upon, and otherwise beautify, that certain portion of the above-named premises described as follows, to-wit: (legal description)."

"V.

"That said 'Grant of Easement' expressly provides that in the event the defendant Dons Club should cease to use said premises described in paragraph IV above for the purpose aforesaid, then and in such case the said right, authority and easement would terminate and the said 'Grant of Easement' become and be null and void; that although the defendant for a time used said strip of land for the purposes mentioned in said 'Grant of Easement', nevertheless, heretofore and at a time at least five years prior to the date of filing this complaint the defendant Dons Club ceased to use said strip of land for said purposes, or to use the same at all, and ever since said time has continued in such failure to use said strip of land for said purposes, or at all; and that by virtue of the

96

premises the said 'Grant of Easement' is now null and void, and the defendant has no interest thereunder, or at all, in the premises described in paragraph II of this complaint or in that part of said premises described in paragraph IV of this complaint."

*Answer to Amended Complaint*

"II.

"Answering the allegations contained in paragraph III of plaintiffs' Amended Complaint, defendant admits that it does claim an interest in said property consisting of Grant of Easement, said Grant of Easement being described in plaintiffs' Amended Complaint."

"III.

"Admits the allegations contained in Paragraph IV of plaintiffs' complaint, and in this connection alleges that the defendant, pursuant to the terms of said Grant of Easement, did erect and has to date maintained a monument marker upon the said easement."

"IV.

"Answering the allegations contained in Paragraph V, defendant denies that it has ever or at any time abandoned or ceased to use said strip of land for the purpose of the erection and maintenance of a monument, and that on the contrary said monument is presently maintained on said premises; that said monument is commemorative of the legend of the Lost Dutchman Gold Mine, and is of great value and interest to the public and to the preservation of the history and legends of the State of Arizona."

The basic portion of the verification of the answer is as follows:

"Virgil D. Willey, being first duly sworn, upon his oath deposes and says:

"That he is the President and a member of the Dons Club, a non-profit Arizona corporation, and makes this affidavit for and on behalf of said corporation, being authorized so to do; that he has read the foregoing Answer to Amended Complaint, knows the contents thereof, and that the same are true of his own knowledge, except the matters stated upon information and belief, and as to those things, he believes the same to be true."

It is the contention of plaintiffs that the averments contained in the answer violate Rule 8(b), Rules of Civil Procedure, 16 A.R.S., in that a party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. The verified answer of the defendant avers affirmative allegations diametrically opposed to the allegations in the complaint. The legal effect of the affirmative allegations contained in the answer is

to create an issue of fact, i. e., whether defendant had for a time at least five years prior to the date of filing the complaint ceased to use the strip of land for the purpose granted in the easement. The Rules of Civil Procedure were intended to abolish technicalities and to secure a just determination of every action. The argument is also advanced that the answer violates Rule 8(d), supra, which deals with affirmative defenses. The averments in the answer do not raise an affirmative defense within the meaning of Rule 8(d) but merely state affirmatively matters which contradict the allegations of the complaint.

■ It is also urged that the answer does not comply with Rule 11(c) and therefore does not state a legal defense for the reason the verification of the answer was defective in that affiant failed to state he had read the complaint or that the allegations therein contained were untrue. This is an equitable proceeding and the complaint was verified. Rule 11(c), supra, provides in part when equitable relief is demanded in a verified complaint the responsive pleading shall be under oath and each material allegation not denied under oath shall be taken as confessed. There is no language in this rule requiring a statement in the verification to the effect that the affiant has read the complaint and that the allegations therein contained are untrue. However, this court, in the case of Hankins v. Helms, 12 Ariz. 178, 100 P. 460, under a section of the statute then in effect almost identical with Rule 11(c), supra, held that if an answer consisted of express denials of the allegations of the complaint, then it must be supported by a verification to the effect not merely that the answer has been read and is true, but that the complaint has been read and that its allegations are untrue.

We do not think that the rule announced in the Hankins case, supra, is controlling or applicable in our present case for the reason that the answer of the defendant contains affirmative allegations diametrically opposed to the allegations contained in the complaint. We said, in Ollason v. Glasscock, 26 Ariz. 193, 224 P. 284, 286, that " * * * Such affirmative allegations as effectually and effectively deny all the material allegations of the complaint as if they had been specifically denied in express language * * *." Burnside v. Douglas School Dist. No. 27, 33 Ariz. 1, 261 P. 629; Kimble v. Bunny, 61 Kan. 665, 60 P. 746; Ritchie v. Rawlings, 106 Kan. 118, 186 P. 1033.

■ We, therefore, hold that where the answer affirmatively alleges facts which unequivocally contradict the material allegations in the complaint, the verification is sufficient when the affiant states he has read

the answer, knows the contents thereof, and that same are true.

The motion for judgment on the pleadings was argued before the trial court, then taken under advisement and a minute order entered. The minute order provided that if counsel wishes they may have five days to submit authorities, and plaintiffs are given five days to reply thereto. The failure of defendant to submit authorities under such an order is not conduct tending to mislead the trial court.

It is urged that defendant has pursued a different legal theory on this appeal; however, the record being silent as to the argument advanced by defendant before the trial court we are unable to determine this issue.

■ The motion of plaintiffs in the trial court for a judgment on the pleadings was made pursuant to Rule 12(c) of the Rules of Civil Procedure, and this rule provides the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, Rules of Civil Procedure. There being issues of fact properly raised by the pleading, the motion for judgment on the pleadings was improperly entered.

Judgment is reversed and the case remanded for proceedings not inconsistent herewith.

UDALL, C. J., and WINDES, PHELPS, and STRUCKMEYER, JJ., concurring.